IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT LLC AND 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO, <br><br>  Plaintiff, <br><br> vs. <br><br> ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY and COLONY INSURANCE COMPANY, <br><br>  Defendants. | § § § § § § § § § § § § § § § | Case No.: _____ <br> (Formerly Harris County 11th District Court, Case No. 2019-04625) |

## ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Endurance American Specialty Insurance Company ("**Endurance**") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### I.  REMOVAL OF STATE COURT ACTION

1. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this civil action is being removed from the 11th Judicial District Court for Harris, County, Texas, where the matter is pending under Case No. 2019-04625 (the "**State Court Action**"), with the caption, *Guardian Equity Management, LLC and 2015 Shopping Mall Business, LLC a/k/a Plaza Paseo v. Underwriters at Lloyd's London, Subscribing to Policy Number B1263EW0000217, Engle Martin & Associates, LLC, and John Miller*.

### II.  HISTORY AND STATUS OF THE DISPUTE

2. This is an insurance coverage dispute.

3. Plaintiffs (a) Guardian Equity Management, LLC, (b) 2015 Shopping Mall Business LLC a/k/a Plaza Paseo, and (c) Stone Legacy Group, LLC (together, "**Guardian**")

purchased the Plaza Paseo Mall (the "**Mall**") in Pasadena, Texas in 2015. Guardian has alleged that the Mall was damaged in Hurricane Harvey in 2017.

4. Guardian is the insured on three, $5 million layers of insurance coverage for the Mall. Underwriters[1] was the insurer for the first layer, Endurance is the insurer for the second, and Defendant Colony Insurance Company ("**Colony**") is the insurer for the third layer.

5. Guardian sued each of its insurers, along with a claim-adjustment company and an individual adjuster, for breach of contract and various claims under the Texas Insurance Code and Texas Deceptive Trade Practices Act, in the State Court Action.[2]

6. During the Parties' October 30, 2019 mediation, Guardian settled with Underwriters in the State Court Action except for (a) Endurance and (b) Colony.[3]

7. For unknown reasons, counsel for Guardian and Underwriters did not move to dismiss Underwriters or the other settling parties for *seven months*. Underwriters was dismissed pursuant to a Joint Motion to Dismiss filed on May 20, 2020, at which point the remaining Parties were diverse under 28 U.S.C. § 1332.

### III. REMOVAL UNDER DIVERSITY JURISDICTION

8. Each of the requirements for removal under 28 U.S.C. § 1446 is satisfied as set forth below.

---

[1] Throughout this Notice, Endurance uses the term "Underwriters" to refer to the group of Defendants, including Underwriters at Lloyd's of London, that settled with Plaintiffs on October 30, 2019, but were not dismissed from the underlying state court litigation until May 22, 2020. This group includes Defendant Sirius International Insurance Corporation, a carrier subscribed to a percentage of the primary insurance policy here, as well as (1) Engle Martin & Associates, LLC, a claim adjustment company, and (2) individual John Miller, one of Engle Martin's adjusters. As the Court might suspect, Engle Martin and Mr. Miller were not subscribers to the primary policy and, indeed, do not appear to have played any role in the case apart from defeating complete diversity among the Parties.

[2] *See generally*, Exhibit A1, Plaintiffs' Original Petition.

[3] *See* Exhibit J, Email from K. Cummings, Counsel for Underwriters, dated May 29, 2019 ("We settled at mediation …"). Ms. Cummings of the Zelle Law Firm was counsel for all Defendants other than Endurance and Colony. *See* Exhibit B6, Defendant Sirius International Insurance Company's Original Answer, at 8.

<u>ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S</u>
<u>NOTICE OF REMOVAL</u> - Page 2 of 9

### A. Required Attachments

9. The materials required by 28 U.S.C. § 1446(a) and LR 81 are attached hereto and incorporated as if set forth fully herein as follows:

   a. All executed process in the case (**Exhibit A1** through **Exhibit A4**);

   b. All pleadings and responses/answers (**Exhibit B1** through **Exhibit B8**);

   c. All orders signed by the state court (**Exhibit C1** and **Exhibit C2**);

   d. The state court docket sheet (**Exhibit D**);

   e. Index of matters being filed (**Exhibit E**); and

   f. List of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit F**).

10. Additional materials are attached as **Exhibits G**, **H**, **I**, and **J** as noted below.

### B. Amount in Controversy

11. Guardian has alleged, at Paragraph 3.2 of its Second Amended Petition, that it "is seeking monetary relief in an amount over $1,000,000."[4] The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is therefore satisfied.

### C. Citizenship of the Parties

12. "Complete diversity requires that no plaintiff be a citizen of the same state as any defendant," and that "none of the parties properly joined and served as defendants is a citizen of the state in which the action is brought."[5]

13. The three Plaintiff entities, (a) Guardian Equity Management, LLC, (b) 2015 Shopping Mall Business LLC a/k/a Plaza Paseo, and (c) Stone Legacy Group, LLC, are limited liability companies with their principal places of business in Harris County, Texas.[6]

---

[4] Exhibit B4, Plaintiffs' Second Amended Petition, ¶ 3.2.
[5] *Blanchard v. Wal-Mart Stores Tex., LP*, 368 F. Supp. 2d 621, 624 (E.D. Tex. 2005) (internal citations omitted).
[6] *See* Exhibit B4, Plaintiffs' Second Amended Petition, ¶¶ 1.1, 1.2, and 1.3.

14. A limited liability company ("**LLC**") is a citizen of the state(s) where each of its members are citizens.[7]

15. On information and belief, Stone Legacy Group, LLC is actually a successor in interest to (or the new name of) Guardian Equity Management, LLC, and has a single member named Trey Stone, a registered real estate agent who is based in Sugarland, Texas. The Texas Secretary of State lists "Ireland Family Limited Partners" as a member of 2015 Shopping Mall Business LLC, which, on information and belief, is a Texas limited partnership formed in 1995. Based on the information available to Endurance and Colony at this time[8], each Plaintiff is a Texas entity with individual Texans or Texas entities as its member(s), making each Plaintiff a citizen of the State of Texas for purposes of assessing diversity jurisdiction.

16. Movant Endurance is a corporation. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any state by which it has been incorporated and the state where it has its principal place of business.[9] Endurance was incorporated under the laws of the State of Delaware, and has its principal place of business in 750 Third Avenue, 18th Floor, New York, New York 10017.[10] Endurance therefore meets the diversity requirements stated above because it is a citizen of New York and Delaware, and not a citizen of the State of Texas.

17. Defendant Colony is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Richmond, Virginia.[11] Colony therefore meets the diversity requirements stated above because it is a citizen of Virginia, and not a citizen of the State of Texas.

---

[7] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[8] *See* Exhibit J, Results of Guardian Citizenship Research.
[9] *See* 28 U.S.C. § 1332(c).
[10] *See* Exhibit G, Endurance Citizenship Information.
[11] *See* Exhibit H, Colony Citizenship Information.

### D. The One Other Remaining Defendant, Colony, Consents to Removal.

18. Endurance and Colony are the only remaining defendants in this suit. Endurance is filing this Notice, and Colony has consented to the removal.[12] The requirement that all defendants consent to removal is therefore met.

### E. The Thirty-Day Time Limit Has Not Passed.

19. This Notice of Removal is being filed less than thirty days after the state court's May 22, 2020 Dismissal.

### F. The One Year Limit Should Not Apply Here.

20. The statute governing the procedure for removal cases imposes a one-year limit on removability from the date of commencement, regardless of when a case becomes removable, "unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action."[13]

21. Courts in the Fifth Circuit have applied this equitable exception to the one-year limit "upon a finding of bad faith legal machinations by plaintiff's counsel to deny a defendant its ability to remove prior to the expiration of the one-year period," including specifically where the plaintiff delays unreasonably in dismissing a settled party.[14]

---

[12] *See* Exhibit K, Colony Consent to Removal.

[13] 28 U.S.C. § 1446(c)(1); *see also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003) (case preceding the enactment of section 1446(c)(1) that permitted the one-year limit in section 1446 to be extended under equity "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction").

[14] *Lawson v. Parker Hannifin Corp.*, Civil Action No. 4:13-cv-923-O, 2014 U.S. Dist. LEXIS 37085, at *17-18 (N.D. Tex. 2014) (citing *In re Propulsid Prods. Liab. Litig.*, 2007 U.S. Dist. LEXIS 42675, 2007 WL 1668752, at *1 (E.D. La. June 6, 2007) (denying motion to remand where plaintiff failed to serve any discovery on non-diverse defendants, took no depositions of non-diverse defendants, and delayed dismissal of non-diverse defendants); *Davis v. Merck & Co.*, 357 F. Supp. 2d 974, 978-79 (E.D. Tex. 2005) (denying motion to remand where plaintiff failed to file a required expert report against a non-diverse defendant); *Elsholtz v. Taser Int'l, Inc.*, 410 F. Supp. 2d 505, 506-07 (N.D. Tex. 2006) (Means, J.) (denying motion to remand based on plaintiff's repeated requests for continuance of a plea to the jurisdiction hearing, failure to timely serve the diverse defendant, and non-suit of the non-diverse defendant after the expiration of the removal deadline); *Shiver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001) (refusing to remand where defendant removed case outside one-year period when plaintiff nonsuited the only non-diverse defendant on the eve of trial)).

22. Guardian filed its Original Petition on January 18, 2019.[15] Endurance and Colony were added as defendants seven months later, on July 26, 2019.[16] At the Parties' October 30, 2019 mediation, Guardian settled with all of the defendants *other* than Endurance and Colony.[17] Guardian then waited *seven months* to file a Joint Motion to Dismiss seeking dismissal of the settling defendants on May 20, 2019. The Motion to Dismiss was granted by the state court on May 22, 2020.[18]

23. The purpose of the one-year limit is to prevent the tactic of driving up costs by removing a case and repeating litigation tasks after the case has already been mostly litigated in the state court.[19] That is not an issue here. No depositions have occurred, and limited written discovery has taken place. Guardian did serve expert disclosures, which consisted of a perfunctory supplement to a report prepared back in December 2017, more than a year before this suit was filed. In other words, imposition of this equitable limitation would serve no purpose here, and would only reward Guardian for its improper dilatory tactic.

### G. State Court Notice

24. In accordance with 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be served on counsel for the parties in this action, and filed with the Harris County district clerk.

---

[15] *See* Exhibit B1, Plaintiffs' Original Petition.
[16] *See* Exhibit B3, Plaintiffs' First Amended Petition.
[17] *See* Exhibit I, Email from K. Cummings, Counsel for Underwriters, dated May 29, 2019 ("We settled at mediation …"). Ms. Cummings of the Zelle Law Firm was counsel for all Defendants other than Endurance and Colony. *See* Exhibit B6, Defendant Sirius International Insurance Company's Original Answer, at 8.
[18] *See* Exhibit C6, Order Granting Agreed Motion to Dismiss with Prejudice.
[19] *See N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998) (quoting H.R. Rep. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032).

## IV.  STATEMENT OF CLAIMS IN STATE COURT CASE

25. There are two active pleadings in the underlying state court action: (a) Plaintiffs' Second Amended Petition (the "**Petition**")[20], and (b) Endurance's Counter-Petition for Declaratory Judgment (the "**DJA**").[21]

26. In its Petition, Guardian makes claims against Endurance and Colony, based on alleged damages to the Mall roof by Hurricane Harvey, for (a) breach of contract, (b) violations of the Texas Insurance Code, (c) breach of the duty of good faith and fair dealing, (d) violations of the Texas Deceptive Trade Practices Act, and (d) for punitive damages.  Endurance and Colony deny that either is liable under any of these theories because, at the very least, there is no coverage under any of the applicable insurance policies.[22]

27. In its DJA, Endurance seeks declarations (a) that the Mall roof is not covered at all because it is over thirty years old, never having been replaced in the nearly-forty-year history of the Mall, (b) in the alternative, that Guardian is limited to an actual cash value recovery because it cannot prove the Mall roof is less than fifteen years old, and (c) that Underwriters' payment of approximately half of the underlying primary policy limits did not erode that policy's limits for purposes of Endurance's excess policy (or Colony's secondary excess policy) due to the fact that it was paid for a claim on a separate property, for a non-covered cause of loss.[23]

---

[20] *See* Exhibit B4, Plaintiffs' Second Amended Petition.
[21] *See* Exhibit B8, Defendant Endurance American Specialty Insurance Company's Original Counter-Petition for Declaratory Judgment.
[22] *See* Exhibit B4, Plaintiffs' Second Amended Petition.
[23] *See* Exhibit B8, Defendant Endurance American Specialty Insurance Company's Original Counter-Petition for Declaratory Judgment.

**ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL - Page 7 of 9**

## V.  CONCLUSION

28.     Based on the foregoing and the exhibits attached hereto, Defendant Endurance American Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C.**

BY:   /s/ Joseph D. Zopolsky

Joseph D. Zopolsky
ATTORNEY IN CHARGE
Texas Bar No. 24033500
James C. Erdle, Jr.
Texas Bar No. 24069680
Anthony P. Miller
Texas Bar No. 24041484

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com
jerdle@gpm-law.com
amiller@gpm-law.com

COUNSEL FOR DEFENDANT
ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was served upon all counsel of record in the above-captioned cause in accordance with the Federal Rules of Civil Procedure on June 5, 2020 by:

| | |
|---|---|
| Hand Delivery: | |
| Electronic Service/Email: | XX |
| Fax Transmittal: | |

/s/ Joseph D. Zopolsky
Joseph D. Zopolsky