# EXHIBIT A1

**RETURN OF SERVICE FOR DEFENDANT ENGLE MARTIN**

4/23/2019 9:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32978013
By: Falon Boehm
Filed: 4/23/2019 9:34 AM

RECEIPT NUMBER

TRACKING NUMBER      73583938   CIV

CAUSE NUMBER    201904625

| | |
|---|---|
| **PLAINTIFF:** GUARDIAN EQUITY MANAGEMENT LLC<br>vs.<br>**DEFENDANT:** UNDERWRITERS AT LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER | **In The** 11th<br>**Judicial District Court of**<br>**Harris County, Texas** |

**THE STATE OF TEXAS**                     CITATION CORPORATE
County of Harris

52446-2

TO: ENGLE MARTIN & ASSOCIATES LLC (A FOREIGN CORPORATION) BY SERVING
    ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN ST STE 900   DALLAS TX 75201 - 3136

Attached is a copy of   PLAINTIFFS' ORIGINAL PETITION.

This instrument was filed on the ___18th___ day of _____January_____, 20__19__, in the above cited cause number and court. The instrument attached describes the claim against you.

        **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

        **This Citation** was issued under my hand and seal of said Court, at Houston, Texas, this ___22nd___ day of _____January_____, 20__19__.

Issued at request of:
BARTON, DANIEL PATRICK
1201 SHEPHERD DRIVE
HOUSTON, TX 77007
TEL: (713) 227-4747
Bar Number: 789774

*[Court seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]*

*[signature]* Marilyn Burgess

**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

Generated by: PEREZ, ANITA  IOJ//11141598

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____,
                                                                        (STREET ADDRESS)                              (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                              (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is
(REGISTERED AGENT, PRESIDENT, or VICE PRESIDENT)

a true copy of this citation, with a copy of _____ Petition attached,
                                                              ("PLAINTIFFS' ORIGINAL")

and with accompanying copies of _____.
                                              (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THIS CITATION)

~~AFFIDAVIT ATTACHED~~

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____                                        By: _____
                                                                                (SIGNATURE OF OFFICER)

                                                         Printed Name: _____

_____              As Deputy for: _____
Affiant Other Than Officer                                              (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
            Notary Public

N.INT.CITC.P                              *73583938*

Certified Document Number: 84910847 - Page 1 of 2

## AFFIDAVIT OF SERVICE

| State of Texas | County of Harris | 11th Judicial District Court |
|---|---|---|

Case Number: 201904625

Plaintiff:
**GUARDIAN EQUITY MANAGEMENT, LLC, AND 2015 SHOPPING MALL BUSINESS, LLC, A/K/A PLAZA PASEO**

vs.

Defendant:
**UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ET AL.**

For:
Daniel Patrick Barton
1201 Shepherd Drive
Houston, TX 77007

Received by ProActive Legal Solutions on the 16th day of April, 2019 at 2:18 pm to be served on **Engle Martin & Associates, L.L.C. c/o C T Corporation System, registered agent, 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **16th day of April, 2019** at **3:30 pm, I:**

Executed service by delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition** , to: **Melissa Torres** as **Authorized Acceptance Agent** at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201,** who is authorized to accept service for **Engle Martin & Associates, L.L.C.,** and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 18th day of
April, 2019 by the affiant who is personally known to me.

NOTARY PUBLIC

JON PEKAR
My Notary ID # 124424900
Expires January 11, 2023

Anthony Collins
PSC-357 Expires 12/31/2019

**ProActive Legal Solutions**
**440 Benmar Drive**
**Suite 3000**
**Houston, TX 77060**
**(832) 209-7760**

Our Job Serial Number: ONT-2019001398
Ref: 52446-2

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0n

*Certified Document Number: 84910847 - Page 2 of 2*





I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 2, 2020

Certified Document Number:        84910847 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT A2

**RETURN OF SERVICE FOR DEFENDANT ENDURANCE**

CAUSE NO. 201904625

RECEIPT NO.                    0.00      CIV
                **********       TR # 73651415

| PLAINTIFF: GUARDIAN EQUITY MANAGEMENT LLC | In The   11th |
| vs. | Judicial District Court |
| DEFENDANT: UNDERWRITERS AT LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER | of Harris County, Texas 11TH DISTRICT COURT Houston, TX |

CITATION

52446-6

THE STATE OF TEXAS
County of Harris

TO: ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY BY SERVING ITS
    REGISTERED AGENT CT CORPORATION SYSTEMS
    1999 BRYAN ST STE 900   DALLAS TX 75201 - 3136
    Attached is a copy of <u>PLAINTIFF'S FIRST AMENDED PETITION</u>

This instrument was filed on the <u>26th day of July, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 30th day of July, 2019, under my hand and seal of said Court.

<u>Issued at request of:</u>
BARTON, DANIEL PATRICK
1201 SHEPHERD DRIVE
HOUSTON, TX 77007
Tel: (713) 227-4747
<u>Bar No.:</u> 789774

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: KEYS, CHARLIE  CMA//11286494

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the ____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed  ation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____    _____

            _____ of _____County, Texas

_____    By _____
        Affiant                      Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

            _____
                      Notary Public

N.INT.CITR.P                    *73651415*

ProActive Legal Solutions
Corp/Business Service

## IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS

### AFFIDAVIT OF SERVICE



*42650*

Index no :201904625
Office No: 52446-6

| Plaintiff(s): | **GUARDIAN EQUITY MANAGEMENT LLC** |
|---|---|
| | -vs- |
| Defendant(s): | **UNDERWRITERS AT LLOYDS LONDON** |

STATE OF NEW YORKCOUNTY OF NEW YORK          ss.:

**Joshua Lee**, the undersigned, being duly sworn, deposes and says:

On **09/12/2019** at **1:40 PM**, deponent served the within **Citation with First Amended Petition** on **ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY** at **750 Third Avenue, New York, NY10017** in the manner indicated below:

By delivering a true copy of each to and leaving with **Jason Jones, Receptionist** who stated he/she is authorized to accept service on behalf the corporation/government entity.

A description of the **Defendant(s)**, or other person served on behalf of the **Defendant(s)** is as follows:

| Sex | Color of skin/race | Color of hair | Age(Approx) | Height(Approx) | Weight(Approx) |
|---|---|---|---|---|---|
| **Male** | **Hispanic** | **Black/Gray** | **49** | **6'** | **190 lbs** |
| Other Features: | | | | | |

Sworn to and subscribed before me on 9/13/19



Notary Public,

X _____
Joshua Lee
License#: 2060696
Metro Attorney Service Inc.
305 Broadway 9th Floor
New York,NY10007
212-822-1421

ProActive Legal Solutions
PO Box 8538
Houston,TX77249

EVAN COHAN
NOTARY PUBLIC & ATTORNEY AT LAW
NO. 02CO4998577
QUALIFIED IN ROCKLAND COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES JUNE 29, 2022

# EXHIBIT A3

**RETURN OF SERVICE FOR DEFENDANT COLONY**

9/13/2019 2:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36795621
By: SHANNON NORTH-GONZALEZ
Filed: 9/13/2019 2:04 PM

CAUSE NO.   201904625

RECEIPT NO.                                0.00     CIV
**********                  TR # 73659252

| PLAINTIFF: GUARDIAN EQUITY MANAGEMENT LLC | In The   11th |
| vs. | Judicial District Court |
| DEFENDANT: UNDERWRITERS AT LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER | of Harris County, Texas |
| | 11TH DISTRICT COURT |
| | Houston, TX |

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: COLONY INSURANCE COMPANY BY SERVING THE TEXAS DEPARTMENT OF
    INSURANCE 333 GUADALUPE ST AUSTIN TX 78701
    FORWARD TO: GENERAL COUNSEL COLONY INSURANCE CO
    P O BOX 469011   SAN ANTONIO TX  78246

Attached is a copy of PLAINTIFFS' SECOND AMENDED PETITION

This instrument was filed on the 16th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 20th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:                               MARILYN BURGESS, District Clerk
BARTON, DANIEL PATRICK                              Harris County, Texas
1201  SHEPHERD DRIVE                                201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 227-4747
Bar No.: 789774                                     Generated By: DENMON, BRIANNA JANEL  3B5//11304156

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at __1:55__ o'clock __P__.M., on the __11th__ day of ___SEPT___, __2019__.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____            copy(ies) of the
                                                                                    Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                                                            _____.

                                           _____ of _____ County, Texas

_____              By _____
        Affiant                                  Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                           _____
                                                Notary Public

N.INT.INSR.P                         *73659252*

IN THE 11TH JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

CAUSE NO. <u>201904625</u>

GUARDIAN EQUITY MANAGEMENT LLC
VS
UNDERWRITERS AT LLOYDS LONDON SUBSCRIBING TO POLICY NUMBER
B1263EW0000217, ET AL

# RETURN

Came to my hand:  <u>9/11/2019</u> , at  <u>01:55</u>  o'clock  <u>P.M.</u>

- Citation
- Plaintiff's Second Amended Petition
- Jury Demand
- Discovery Requests

Executed by me on:  <u>9/11/19</u> , at  <u>3:15</u>  o'clock  <u>PM</u>

at <u>333 GUADALUPE ST, AUSTIN, TX 78701</u> within the county of <u>TRAVIS</u>, by delivering to <u>COLONY INSURANCE COMPANY</u> by delivering to <u>THE TEXAS DEPARTMENT OF INSURANCE</u>, by delivering to <u>Tish Wilhelm</u>, authorized agent, in person, true copies, in duplicate of the above specified documents,  having first endorsed on each copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit and I declare under penalty of perjury that the foregoing is true and correct .

Authorized Person: KELLY MURSKI; PSC# 5912
Expiration Date: 10/31/2020

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within her  personal knowledge and experience to be, true and correct.  Given under my hand and seal of office on this the _12th_ day of _September 2019_ .

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04-23-2020
Notary ID 4733576

Notary Public

# EXHIBIT A4

**RETURN OF SERVICE FOR DEFENDANT SIRIOUS INTERNATIONAL**

9/13/2019 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36795728
By: SHANNON NORTH-GONZALEZ
Filed: 9/13/2019 2:06 PM

CAUSE NO.  201904625

RECEIPT NO.                                    0.00    CIV
*********                      TR # 73659248

| PLAINTIFF: GUARDIAN EQUITY MANAGEMENT LLC | In The   11th |
| vs. | Judicial District Court |
| DEFENDANT: UNDERWRITERS AT LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER | of Harris County, Texas |
| | 11TH DISTRICT COURT |
| | Houston, TX |

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: SIRIUS INTERNATIONAL INSURANCE CORPORATION BY SERVING THE TEXAS
    INSURANCE COMMISSIONER AT 333 GUADALUPE STREET AUSTIN TEXAS 78701
    FORWARD TO: ITS REGISTERED AGENT FOLEY & LARDNER LLP
    555 CALIFORNIA STREET SUITE 1700   SAN FRANCISCO CA  94104 - 1520

    Attached is a copy of PLAINTIFFS' SECOND AMENDED PETITION


This instrument was filed on the 16th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 20th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
BARTON, DANIEL PATRICK                   Harris County, Texas
1201 SHEPHERD DRIVE                      201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 227-4747
Bar No.: 789774                          Generated By: DENMON, BRIANNA JANEL  3B5//11304156

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at  1 30  o'clock  P.M., on the  11th  day of _____ SEPT _____, 2019.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____         copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

                                                    _____ of _____ County, Texas
_____                     By _____
          Affiant                                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                    _____
                                                           Notary Public

N.INT.INSR.P                          *73659248*

IN THE 11TH JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

CAUSE NO. <u>201904625</u>

GUARDIAN EQUITY MANAGEMENT LLC
VS
UNDERWRITERS AT LLOYDS LONDON SUBSCRIBING TO POLICY NUMBER
B1263EW0000217, ET AL

# RETURN

Came to my hand:  <u>9/11/2019</u>  , at  <u>01:30</u>  o'clock  <u>P.M.</u>

- Citation
- Plaintiff's Second Amended Petition
- Jury Demand
- Discovery Requests

Executed by me on:  <u>9/11/19</u> , at  <u>3:15</u>  o'clock  <u>PM</u>

at <u>333 GUADALUPE ST, AUSTIN, TX 78701</u> within the county of <u>TRAVIS</u>, by delivering
to <u>SIRIUS INTERNATIONAL INSURANCE CORPORATION</u> by delivering to <u>THE TEXAS
INSURANCE COMMISSIONER</u>, by delivering to <u>Tish Wilhelm</u>,
authorized agent, in person, true copies, in duplicate of the above specified
documents,  having first endorsed on each copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit and I
declare under penalty of perjury that the foregoing is true and correct .

Authorized Person: KELLY MURSKI; PSC# 5912
Expiration Date: 10/31/2020

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known
to me to be the person whose name is subscribed to the foregoing document and, being by me first duly
sworn, declared that the statements and facts therein contained are within her  personal knowledge and
experience to be true and correct.  Given under my hand and seal of office on this the 12th day of
<u>September</u>, 2019 .

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04-23-2020
Notary ID 4733570

Notary Public

# EXHIBIT B1

**PLAINTIFFS' ORIGINAL PETITION**

Marilyn Burgess - District Clerk Harris County
Envelope No. 30513381
By: Walter Eldridge
Filed: 1/18/2019 2:55 PM

CAUSE NO: _____

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT, LLC AND 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCIATES, LLC, AND JOHN MILLER | § § § § § § | |
| *Defendants.* | § § | _____ JUDICIAL DISTRI CT |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUARDIAN EQUITY MANAGEMENT, LLC ("Guardian Equity") and 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO ("Plaza Paseo") (collectively referred to as "Plaintiff"), and files this Original Petition against Defendants, UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217 ("Underwriters"), ENGLE MARTIN & ASSOCIATES, LLC ("Engle Martin"), and JOHN MILLER ("Miller") (collectively referred to as "Defendants"), and respectfully would show this court as follows.

1

Certified Document Number: 83494918 - Page 1 of 16

## PARTIES

1.1     Plaintiff, Guardian Equity, is a limited liability company with a principal place of business in Harris County, Texas and owns the Property that is the subject of this lawsuit, which is located in Harris County, Texas.

1.2     Plaintiff, Plaza Paseo, is a limited liability company with a principal place of business in Harris County, Texas and owns the Property that is the subject of this lawsuit, which is located in Harris County, Texas.

1.3     Upon information and belief, Defendant, Underwriters, is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Underwriters regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Underwriters may be served with process by serving its registered agent via certified mail, return receipt requested, to the **Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711** for further forwarding to **Mendes & Mount LLP, 750 Seventh Avenue, New York, NY 10019-6829.**

1.4     Upon information and belief, Defendant, John Miller, is a natural person who resides and works in Texas and may be served with process to **11940 Jollyville Rd., Suite 330-S, Austin, Texas 78759,** or wherever else he may be found.

1.5     Upon information and belief, Defendant, Engle Martin, is a foreign corporation operating out of its Texas offices for the purpose of accumulating monetary profit.  Engle Martin regularly engages in the business of adjusting insurance claims in Texas and may be served with process through its registered agent via certified mail, return receipt requested, to **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX, 75201-3136**.

2

Certified Document Number: 83494918 - Page 2 of 16

## DISCOVERY LEVEL

2.1     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## VENUE & JURISDICTION

3.1     Venue is proper in Harris County under TEX. CIV. PRAC. & REM. CODE 15.002(a)(1) as all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County. In particular, the Property at issue and the adjustment of the claim by Defendants for losses under the Policy (including payments to be made to Plaintiff under the Policy) were conducted in Harris County, Texas.  Investigations and policy representations including communications to and from Defendants and Plaintiff including telephone calls, mailings, and other communications to Plaintiff occurred in Harris County, Texas.

3.2     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Additionally, the Policy includes a Texas choice of law and jurisdiction clause.  Plaintiff is seeking monetary relief in an amount over $1,000,000.  Plaintiff reserves the right to modify the amount and type of relief sought in the future.

## FACTS

4.1     Plaintiff owns and operates the Plaza Paseo Mall in Harris County, Texas located at 171 Pasadena Town Square Mall, Pasadena, Texas (the "Plaza Paseo Mall" or the "Property").  The following is aerial photo imagery depicts the enormous size of the Property at issue.

Certified Document Number: 83494918 - Page 3 of 16

3



4.2 The Property's roofing system is compromised of low-sloped roof sections primarily covered with modified bitumen roofing, one low-sloped roof section that is covered with gravel impregnated build-up roofing and multiple mono-sloped roof sections covered with modified bitumen.

**Hurricane Harvey and Plaintiff's Claim for Covered Damages**

4.3 On or about August 25, 2017, Hurricane Harvey, recognized as one of the most devastating natural disasters in United States history, made landfall in Texas as a Category 4 hurricane with

Certified Document Number: 83494918 - Page 4 of 16

4

wind speeds of up to 150 miles per hour.  Hurricane Harvey's winds and rain traveled along southeast Texas wreaking billions of damages to private and public property in Harris County, Texas including Pasadena, Texas.  The Texas Governor Greg Abbott estimated that Hurricane Harvey's damages will total a historic $180 billion.

4.4     On or around August 26, 2017, Harvey's extreme winds, hail, and rain, hit the Property substantially damaging the Property.  All of the Property's roof systems, including windows and skylights were substantially damaged by Harvey's winds, hail and subsequent water.  The roof systems including the windows and skylights must be completely replaced from Harvey's damage. Additionally, the interior of the Property sustained substantial covered damages by Harvey's storm created openings, including but not limited to, portions of the main hallway, unit 353, unit 337, unit 328 through 324, unit 320, the service hallway, unit 325, unit 321, unit 317, unit 316, unit 313, unit 300, unit 284, unit 273, unit 269, unit 264, unit 261, unit 257, unit 256, unit 253, the service hallway between units 235 & 245, unit 245, unit 244, unit 237, unit 240, unit 236, unit 229, unit 225, unit 213, unit 175, unit 143, unit 135, unit 136, unit 144, unit 132, unit 127, unit 123, unit 119, unit 124, unit 120, unit 116, unit 115, unit 108, unit 103, the mall storage, and the maintenance shop.  Furthermore, many of the A/C units require replacement due to Harvey's damage to the Property.

4.5     Although the Property received such devastating damage, Plaintiff felt secure and protected by significant insurance coverage Plaintiff procured from Underwriters to insure the Property from precisely this type of catastrophe.  Before August 24, 2017, Underwriters, through the program designed by Alesco, sold Plaintiff a commercial policy identified as UMR:B1263EW0000217 whereby the Underwriters would provide commercial insurance coverage for the Property in

Certified Document Number: 83494918 - Page 5 of 16

Certified Document Number: 83494918 - Page 6 of 16

exchange for the timely payment of significant premiums (the "Policy").   The Policy provides coverage for covered damages to the Property that occurred during the Policy Period, from April 1, 2017 through April 1, 2018.   The Policy includes coverage for damages caused by wind, hail, and water, to the Property's "Real and Personal Property," which includes the Property's Plaza Paseo Building.   The coverages include, but are not limited to, $5,000,000 per occurrence, $35,000,000.00 of Named Storm coverage, Ordinance or Law Coverage A - For the Loss to The Undamaged Portions of the Building, Ordinance or Law Coverage B - Demolition Cost Coverage, Ordinance or Law Coverage C – Increased Cost of Construction Coverage, and Professional Fee Coverage.

4.6     Underwriters at Lloyd's, London operates as the most prolific surplus lines, commercial insurer in the State of Texas.   In 2017 all surplus lines insurers operating in Texas wrote approximately $5.5 billion in premiums.   Of that, $1.5 billion was written by Underwriters at Lloyd's, London, with the next largest entity writing $250 million in premiums.   Underwriters leads the Texas markets as the largest participating insurance entity with approximately 28% of the lucrative Texas market.   Texas is one of the largest markets for Underwriters at Lloyd's, London representing 10% of the total $15 billion in premiums it writes annually in the United States alone.   Underwriters at Lloyd's, London is not licensed in Texas despite its large Texas market share.   In Texas, Underwriters at Lloyd's, London operates as an unlicensed surplus lines insurer that is not admitted as an insurer in the state.

4.7     Institutional investors, typically international insurance companies, compromise the members that form most Underwriters at Lloyd's, London syndicates operating in Texas.   These alien syndicates are nothing more than foreign insurance companies utilizing Underwriters at

Lloyd's, London's eligibility to write insurance in the lucrative Texas market to Texas business owner's detriment.  The Policy is a prime example of this abuse.  The Policy was underwritten by distinct Underwriters at Lloyd's, London syndicates, each of whom is a foreign, unlicensed, non-admitted, ineligible entity.  Their only legal nexus to writing insurance in this state is by essentially piggybacking on Underwriters at Lloyd's, London eligibility.   The syndicates are borrowing Underwriters at Lloyd's, London's license in order to operate in Texas from foreign shores.   The Policy demonstrates this alarming trend and contains the following participating syndicates and their share of the risk under the Policy:

| | |
|---|---|
| 20.0000 | FDY435 |
| 18.0000 | AMA1200 |
| 15.0000 | QBE1886 |
| 11.0000 | APL1969 |
| 11.0000 | TAL1183 |
| 10.0000 | DUW1729 |
| 10.0000 | HIS33 |
| 5.0000 | C2219 |
| 100% of Order | |

4.8     None of these insurers are licensed to write insurance in Texas.  None are admitted carriers.  None are have complied with any Texas regulatory requirement.  Each of these foreign entities is borrowing Underwriters at Lloyd's, London's eligibility to write insurance in Texas, to the detriment of business consumer in Texas and the Plaintiff.

4.9     Immediately after Harvey, Plaintiff filed a claim with Underwriters alerting them of the damages sustained in paragraph 4.4 above ("the Claim").  Plaintiff's sense of security from his contractual relationship with Underwriters would prove illusory as Underwriters began their investigation and handling of the Claim.

7

**Defendants' Claim Handling**

4.10    According to the Policy, the parties contracted to have Vericlaim, Inc., 2500 Wilcrest #203, Houston, TX 77042 as the adjuster to adjust the Claim.  Unfortunately, Underwriters breached this provision and assigned Engle Martin as the adjusting company to adjust the claim on Underwriters' behalf.  In violation of the insurance code, Underwriters delegated its duty to handle its claim to Engle & Martin.  Engle Martin then assigned its employees, John Miller and Ken Brown, to handle the Claim.  To Plaintiff's detriment, Underwriters assigned Engle Martin because Engle Martin has a long-standing relationship with Underwriters and wrongfully denies valid claims on behalf of Underwriters to ensure Underwriters' profitability and Engle Martin's repeat business.  Engle Martin holds itself out as having an extensive relationship with Lloyd's of London brokerages, syndicates, and excess & surplus lines carriers.

4.11    The Defendants' claims-handling process, or lack thereof, resulted in a wrongful denial despite the substantial facts, physical evidence, obvious wind damages, and meteorological data from Hurricane Harvey.  Plaintiff hired various professionals to substantiate covered damages and cost to repair to Underwriters and Engle Martin.  Plaintiff provided the professionals' line item cost to repair the damaged property, 24-page expert report explaining why the damages are covered, ordinance of law analysis, weather analysis, over 631 photos substantiating the covered damages, and HVAC report.

4.12    Defendants unreasonably pinned the loss on anything but the wind in an attempt designed to save Underwriters millions of dollars it owes for covered damages under the Policy.  Engle Martin apparently inspected the property twice.  Although Defendants have, to date, provided no clear documentation of their own inspection or findings, they denied the claim in full on July 6,

Certified Document Number: 83494918 - Page 8 of 16

2018.

4.13.   Engle Martin's denial letter cut and paste inapplicable policy exclusions and failed to give Plaintiff a reasonable explanation of how the exclusions apply to the Claim.   Engle Martin wrongfully denied the Claim by using its standard form letter stating that the damages found were a result of "wear and tear, improper installation, and deficient conditions, and the interior damage was not caused by any storm-created openings during the policy period."   The Defendants made numerous misrepresentations by cutting and pasting inapplicable policy provisions.   No estimate of damages was ever provided to Plaintiff.

4.13    Engle Martin's adjusters were improperly trained by Underwriters.   In fact, Underwriters provided Engle Martin and Miller no training whatsoever nor did they examine Engle Martin's adjuster qualifications.    Furthermore, Engle Martin was not the proper adjusting company according to the Policy.

4.14    Next, Engle Martin and Underwriters conspired with and hired J.S. Held, LLC after Plaintiff submitted the documents substantiating covered damages.  J.S. Held, LLC is another bias company that has a long-standing relationship with Engle Martin and Underwriters.   J.S. Held writes the majority of the engineering reports that fraudulently and wrongfully deny coverage on behalf of Underwriters and Engle Martin in Texas.  J.S. Held routinely sponsors and presents at insurance backed conferences with Engle Martin.   The defendants relied on J.S. Held's biased report that contains numerous paragraphs copied and pasted from J.S. Held's systematic denial recommendation it routinely provides Defendants.

4.15    Defendants misrepresented to Plaintiff that the damages to the Property was not covered under the Policy, even though the damages were caused by Harvey.   Defendants' conduct

9

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.

4.16    Unfortunately, Defendants delayed payment for Plaintiff's necessary and covered property damages under covered by the Policy.  Given the repeated delays of payment, Plaintiff has been subjected to significant economic impact, and physical damage.  In addition, Plaintiff has suffered financial harm and damages as a result of Defendants' denials and repeated delays.  The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.  Plaintiff is still unable to properly repair the Property since Underwriters has paid zero dollars for the covered damages and professional fees.

4.15.    The Defendants did not make a claim decision until 11 months after Plaintiff filed the Claim.  To this day, Underwriters has refused to pay for any covered damages under the Policy.  As a result of Defendants' acts and/or omissions, Plaintiff was required to retain an attorney to prosecute its claim for insurance benefits.

4.16    On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code.  Section 542A.003 requires detailed, comprehensive pre-suit notice that is intended to make the claims litigation process more transparent and potentially avoid unnecessary lawsuits.  Upon receiving notice, an insurer has a right to conduct an inspection and even make an offer to avoid litigation.  When an insurance company utilizes Section 542A properly, an insurance carrier and insured can avoid protracted litigation over a clear claim.

4.17    In compliance with Section 542A.003, Plaintiff gave its pre-suit notice on November 11, 2018.  The pre-suit notice provided a comprehensive outline of Plaintiff's claim, damages, and quantified the loss at that point in time.  The Defendants did not respond or request another inspection.

Certified Document Number: 83494918 - Page 10 of 16

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

5.1    Each of the foregoing paragraphs is incorporated by reference in the following:

5.2.    As outlined above, Underwriters had a contract of insurance with Plaintiff.  Underwriters breached the contract by its failure/and or refusal to pay for covered damages under the Policy and by assigning Engle Martin as the adjusting company.  As a result of the Carrier's breach, Plaintiff suffered legal damages.

## SECOND CAUSE OF ACTION – VIOLATIONS OF TEXAS INSURANCE CODE

6.1    Each of the foregoing paragraphs is incorporated by reference in the following:

6.2    Defendants misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue in violation of TEX. INS. CODE § 541.060 (a)(1).

6.3    Defendants unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy had become reasonably clear, constitutes a violation of TEX. INS. CODE § 541.060(a)(2)(A).

6.4    Defendants failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of TEX. INS. CODE § 541.060(a)(3).

6.5    Defendants failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policies.

6.6    Defendants failed within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a proper reservation of rights to a policyholder in violations of TEX. INS. CODE § 541.060(a)(4).

6.7    Defendants refused to pay the Claim without conducting a reasonable investigation with

Certified Document Number: 83494918 - Page 11 of 16

respect to the Claim in violation of TEX. INS. CODE § 541.060(a)(7).

6.8     Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff, by making an untrue statement of material fact, in violation of TEX. INS. CODE § 541.061 (1).

6.9     Defendants misrepresented the insurance policy under which it affords Property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of TEX. INS. CODE § 541.061 (2).

6.10    Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of TEX. INS. CODE § 541.061 (3) and TEX. INS. CODE § 541.0002 (1).

6.11    Defendants failed to acknowledge within reasonable promptness pertinent communications relating to Plaintiff's claim arising under Plaintiff's insurance policy.

6.12    Defendants knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of TEX. INS. CODE § 541.002 (1).

### THIRD CAUSE OF ACTION – PROMPT PAYMENT OF CLAIM

7.1     Each of the foregoing paragraphs is incorporated by reference in the following:

7.2     Plaintiff is entitled to interest and attorney fees for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

7.3     Underwriters failed to acknowledge receipt of the Claim in violation of TEX. INS. CODE §542.055(a)(1).

Certified Document Number: 83494918 - Page 12 of 16

7.4     Underwriters failed to timely commence investigation of the Claim or to request from Plaintiff any additional items, statements or forms that the Defendants reasonably believe to be required from Plaintiff in violation of TEX. INS. CODE §542.055(a)(2)-(3).

7.5     Underwriters failed to notify Plaintiff in writing of its acceptance or rejection of the Claim not later than the 15th business day after receipt of all items, statements and forms required by Underwriters in violation of TEX. INS. CODE §542.056(a).

7.6     Underwriters delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058(a).

7.7     Each of the actions described herein were done knowingly as described in the Texas Insurance Code and were the producing cause of Plaintiff's damages.

7.8     Plaintiff makes a claim for statutory interest penalties along with reasonable attorney's fees for violation of Texas Insurance Code Subchapter B pursuant to TEX. INS. CODE §542.060.

## FOURTH CAUSE OF ACTION – BREACH OF DUTY OF GOOD FAITH & FAIR DEALING

8.1     Each of the foregoing paragraphs is incorporated by reference in the following:

8.2     Underwriters, as the property coverage insurers, had a non-delegable duty to deal fairly and in good faith with Plaintiff in the processing of the Claim.  Underwriters breached this duty by refusing to properly investigate and effectively denying insurance benefits.  The Underwriters knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of the Underwriters' breach of these legal duties, Plaintiff suffered legal damages.

Certified Document Number: 83494918 - Page 13 of 16

## FIFTH CAUSE OF ACTION – BAD FAITH PUNITIVE DAMAGES

9.1     Each of the foregoing paragraphs is incorporated by reference in the following:

9.2     Defendants acted fraudulently and with malice in denying and delaying Plaintiff's claim for benefits.  Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

## SIXTH CAUSE OF ACTION – DTPA VIOLATIONS

10.1    Each of the foregoing paragraphs is incorporated by reference in the following:

10.2    The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.  Defendants' violations of The Texas Insurance Code, as set forth herein, specifically violates the DTPA as well. Defendants has also acted unconscionably, as that term is defined under the DTPA

10.3    Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiff's damages.

## KNOWLEDGE

11.1    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## DAMAGES

12.1    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

12.2    Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law.  These damages include consequential damages to its economic welfare from the wrongful denial and delay of benefits including the loss of the Property and business; and the other actual

14

Certified Document Number: 83494918 - Page 14 of 16

damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

12.3    For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of Plaintiff's claim less the applicable deductible, together with attorney's fees.

12.4    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages.  TEX. INS. CODE § 541.152.

12.5    Plaintiff is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

12.6    Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

12.7    Plaintiff is entitled to the recovery of attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, TEX. INS. CODE §542.060(a)-(b), the TEX. BUS. & COMMERCE CODE §17.50 and TEX. CIV. PRAC. & REM. CODE §37.009.

12.8    As a result of the Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

13.1    All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendants.

Certified Document Number: 83494918 - Page 15 of 16

## DISCOVERY REQUESTS

14.1     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant

disclose, within (50) days of service of this request, the information or materials described in Texas

Rule of Civil Procedure 194.2(a)-(l).

## JURY DEMAND

Plaintiff hereby demands a trial by jury.  The necessary jury fee has been paid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff have judgment taken against Defendants and

recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys'

fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed

by law, costs of court, and such other and further relief, both general and special, at law or in

equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**BARTON LAW FIRM**

By:      */s/    Daniel P. Barton*
         Daniel P. Barton
         State Bar No.: 00789774
         dbarton@bartonlawgroup.com
         Matthew J. Worrall
         State Bar No. 24070883
         mworrall@barttonlawgroup.com
         1201 Shepherd Drive
         Houston, Texas 77007
         (713) 227-4747- Telephone
         (713) 621-5900 – Fax

Certified Document Number: 83494918 - Page 16 of 16



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 2, 2020

Certified Document Number:        83494918 Total Pages:  16

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT B2

**DEFENDANTS' ORIGINAL ANSWER**

5/10/2019 9:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33465882
By: SHANNON NORTH-GONZALEZ
Filed: 5/10/2019 9:41 AM

CAUSE NO. 2019-04625

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT LLC AND 2015 SHOPPING MALL BUSINESS, LLC AK/A PLAZA PASEO | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | 11TH JUDICIAL DISTRICT |
| UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCIATES, LLC, and JOHN MILLER, | § § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Certain Underwriters at Lloyd's London, Subscribing to Policy Number B1263EW0000217, Engle Martin & Associates, LLC, and John Miller ("Defendants") file this Original Answer as follows:

## GENERAL DENIAL

1.     Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants generally deny each and every allegation contained in Plaintiffs' Original Petition, and demand strict proof thereof by a preponderance of the evidence.

## AFFIRMATIVE DEFENSES

2.     Pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants set forth the following Affirmative Defenses:

**First Affirmative Defense**

3.     Plaintiffs' Original Petition fails to state a claim against Defendants upon which relief can be granted.

---

**Second Affirmative Defense**

4.     Plaintiffs' claims are subject to all terms, conditions, limitations, and exclusions contained in policy number B1263EW0000217 and any endorsements attached thereto issued to Plaintiffs for the policy period April 1, 2017 to April 1, 2018 (the "Policy").  The Policy speaks for itself and is the best evidence of any coverage it provides.

**Third Affirmative Defense**

5.     Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period (April 1, 2017 to April 1, 2018).

**Fourth Affirmative Defense**

6.     Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs was not caused by (or did not result from) a covered cause of loss as required by the Policy.

**Fifth Affirmative Defense**

7.     Plaintiffs' claims are barred, in whole or in part to the extent the damage claimed by Plaintiff was caused by an excluded cause of loss, including but not limited to, "wear and tear," "rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself," "settling, cracking, shrinking or expansion," "continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more," "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss," "faulty, inadequate or defective…design, specifications, workmanship, repair, construction, renovation, remodeling grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance."

**Sixth Affirmative Defense**

8.      Plaintiffs' claims are barred, in whole or in part, by the Policy's exclusion(s) and/or limited coverage for damage to the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not unless the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters.

**Seventh Affirmative Defense**

9.      Plaintiffs' claims are barred, in whole or in part, by the Policy's terms, conditions, and limitations for Ordinance or Law coverage, which states:

> The Coverage(s) provided by this endorsement apply only if both **B.1.** and **B.2.** are satisfied and are then subject to the qualifications set forth in **B.3.**
>
>    **1.**   The ordinance or law:
>
>       **a.**   Regulates the demolition, construction or repair of buildings, or establishes zoning or land use requirements at the described premises; and
>
>       **b.**   Is in force at the time of loss.
>
> But coverage under this endorsement applies only in response to the minimum requirements of the ordinance or law. Losses and costs incurred in complying with recommended actions or standards that exceed actual requirements are not covered under this endorsement.
>
>    **2.**   **a.**   The building sustains direct physical damage that is covered under this policy and such damage results in enforcement of the ordinance or law; or
>
>       **b.**   The building sustains both direct physical damage that is covered under this policy and direct physical damage that is not covered under this policy, and the building damage in its entirety results in enforcement of the ordinance or law.
>
>       **c.**   But if the building sustains direct physical damage that is not covered under this policy, and such damage is the subject of the ordinance or law, then there is no coverage under this endorsement even if the

building has also sustained covered direct physical damage.

* * *

### Eighth Affirmative Defense

10.     Plaintiffs' claims are barred in whole or in part by the Policy's Special Terms and Conditions for Roofs, Roofing Systems or Roof Coverings endorsement, which includes the following provisions:

In the event of direct physical loss or damage to any and all roofs, roof coverings, or roofing systems as insured against by this Policy as Covered Property, the Policy provisions are hereby superseded by the following:

A. Valuation

1. Actual Cash Value

a.   Roofs, roof coverings or roofing systems shall be valued at Actual Cash Value, as defined in this endorsement, at the time and place of loss or damage.

2. Optional Coverage - Replacement Cost

a.   If shown as applicable in the Declarations, Replacement Cost (as defined in this endorsement) replaces Actual Cash Value in the Valuation condition of this endorsement for roofs, roof coverings or roofing systems which are of fifteen (15) years or less in age, but only in the event that we have been provided with historical documentation which verifies and confirms the age of the roofs, roof coverings and roofing systems involved in the loss to be eligible in accordance with this Optional Coverage — Replacement Cost provision.

* * *

### Ninth Affirmative Defense

11.     A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy. Underwriters and their employees, agents, representatives, and adjusters are entitled to value claims differently from its policyholders without facing bad faith or extra-contractual liability. Defendants would show that a bona fide controversy exists regarding the scope of any alleged covered loss.

## Tenth Affirmative Defense

12.     Underwriters elected to accept legal responsibility for Defendants Engle Martin & Associates, LLC and John Miller prior to the filing of this lawsuit, by letter dated December 20, 2018. Therefore, pursuant to § 542A.006(b) of the Texas Insurance Code, no cause of action exists against Defendants Engle Martin & Associates, LLC and John Miller related to Plaintiffs' claim and the Court shall dismiss the lawsuit against Engle Martin & Associates, LLC and John Miller with prejudice.

## Eleventh Affirmative Defense

13.     To the extent Plaintiffs have asserted claims against Defendants under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153 and Defendants are entitled to recover its court costs and reasonable and necessary attorneys' fees because any such claims under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment.

## Twelfth Affirmative Defense

14.     Defendants further reserve the right to assert additional affirmative defenses as this litigation proceeds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Certain Underwriters at Lloyd's London, Subscribing to Policy Number B1263EW0000217, Engle Martin & Associates, LLC, and John Miller pray that upon final judgment all relief requested by Plaintiffs be denied, that all costs be taxed against Plaintiffs, and for such other and further relief to which it may be justly entitled, whether at law or in equity.

Respectfully submitted,


**ZELLE LLP**


By:        */s/ Kristin C. Cummings*
               Kristin C. Cummings
               Texas Bar No. 24049828
               kcummings@zelle.com
               Lindsey P. Bruning
               Texas Bar No. 24064967
               lbruning@zelle.com


901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:  214-742-3000
Facsimile:  214-760-8994

**ATTORNEYS FOR DEFENDANTS
UNDERWRITERS AT LLOYD'S LONDON,
SUBSCRIBING TO POLICY NUMBER
B1263EW0000217, ENGLE MARTIN &
ASSOCIATES, LLC, AND JOHN MILLER**

## CERTIFICATE OF SERVICE

On this 10th day of May 2019, I served a true and correct copy of DEFENDANTS'

ORIGINAL ANSWER upon all known counsel of record pursuant to the TEXAS RULES OF CIVIL

PROCEDURE, addressed as follows:

    Daniel P. Barton
    dbarton@bartonlawgroup.com
    Matthew J. Worrall
    mworrall@bartonlawgroup.com
    BARTON LAW FIRM
    1201 Shepherd Drive
    Houston, Texas 77007
    (713) 227-4747- Telephone
    (713) 621-5900- Fax

                                */s/ Kristin C. Cummings*
                              Kristin C. Cummings

Print this page

# Case # 201904625 - GUARDIAN EQUITY MANAGEMENT LLC v UNDERWRITERS AT LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER

### Case Information

| | |
|---|---|
| Location | Harris County - 11th Civil District Court |
| Date Filed | 5/10/2019 9:41 AM |
| Case Number | 201904625 |
| Case Description | GUARDIAN EQUITY MANAGEMENT LLC v UNDERWRITERS AT LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER |
| Assigned to Judge | |
| Attorney | Kristin Cummings |
| Firm Name | Zelle LLP |
| Filed By | Kristin Cummings |
| Filer Type | Attorney |

### Fees

| | |
|---|---|
| Convenience Fee | $0.06 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $2.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $2.06 |

### Payment

| | |
|---|---|
| Account Name | Zelle LLP |
| Transaction Amount | $2.06 |
| Transaction Response | Approved |
| Transaction ID | 50168290 |
| Order # | 033465882-0 |

### Answer/ Response / Waiver

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Answer/ Response / Waiver |
| Filing Description | Defendants' Original Answer |

| | |
|---|---|
| Reference Number | 2-400-0829 |
| Comments | |
| Status | Accepted |
| Accepted Date | 5/10/2019 10:14 AM |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |

| | | |
|---|---|---|
| *Lead Document* | Guardian v. Underwriters - Original Answer (FINAL).pdf | [Original] [Transmitted] |

### eService Details

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Lindsey Bruning<br>lbruning@zelle.com | Zelle LLP | EServe | Sent | Yes | Not Opened |
| Daniel Barton<br>dbarton@bartonlawgroup.com | Barton Law Firm | EServe | Sent | Yes | Not Opened |
| Daniel Barton<br>lynee@bartonlawgroup.com | Barton Law Firm | EServe | Sent | Yes | Not Opened |
| Lynee Fehler<br>lynee@bartonlawgroup.com | Barton Law Firm | EServe | Sent | Yes | 5/10/2019 10:02 AM |
| Matthew Worrall<br>mworrall@bartonlawgroup.com | Barton Law Firm | EServe | Sent | Yes | Not Opened |
| Kristin C Cummings<br>kcummings@zelle.com | Zelle Hofmann Voelbel & Mason LLP | EServe | Sent | Yes | Not Opened |
| Maggie Morado<br>mmorado@zelle.com | Zelle LLP | EServe | Sent | Yes | Not Opened |
| Denise Spikes<br>dspikes@zelle.com | Zelle Hofmann Voelbel & Mason LLP | EServe | Sent | Yes | Not Opened |

# EXHIBIT B3

**PLAINTIFFS' FIRST AMENDED PETITION**

Marilyn Burgess - District Clerk Harris County
Envelope No. 35475958
By: Adiliani Solis
Filed: 7/26/2019 4:08 PM

7/26/2019 4:08 PM

CAUSE NO: 2019-04625

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT, LLC AND 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO | § § § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCAITES, LLC, AND JOHN MILLER | § § § § § | 11TH JUDICIAL DISTRICT |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUARDIAN EQUITY MANAGEMENT, LLC ("Guardian Equity") & 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO ("Plaza Paseo")(collectively referred to as "Plaintiff"), and files this Original Petition against Defendants, UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217 ("Underwriters"), SIRIUS INTERNATIONAL INSURANCE CORPORATION ("Sirius"), ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY ("Endurance"), COLONY INSURANCE COMPANY ("Colony")(collectively the "Carriers"), ENGLE MARTIN & ASSOCIATES, LLC ("Engle Martin"), and JOHN MILLER ("Miller") (collectively referred to as "Defendants"), and respectfully would show this court as follows.

1

## PARTIES

1.1     Plaintiff, Guardian Equity, is a limited liability company with a principal place of business in Harris County, Texas and owns the Property that is the subject of this lawsuit, which is located in Harris County, Texas.

1.2     Plaintiff, Plaza Paseo, is a limited liability company with a principal place of business in Harris County, Texas and owns the Property that is the subject of this lawsuit, which is located in Harris County, Texas.

1.3     Defendant, Underwriters, has appeared and answered.

1.4     Defendant, John Miller, has appeared and answered.

1.5     Defendant, Engle Martin, has appeared and answered.

1.6     Defendant, Sirius International Insurance Corporation, is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Sirius regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Sirius may be served with process by serving its registered agent via certified mail, return receipt requested, to the **Texas Insurance Commissioner at 333 Guadalupe Street, Austin, Texas 78701**.  The Commissioner may forward citation and the Petition to this Defendant at its mailing address and/or principal place of business at: **John P. Dearie c/o Edwards Wildman Palmer, LLP, 750 Lexington Avenue, Floor 6, New York, NY 10022**.

1.7     Defendant, Endurance American Specialty Insurance Company, is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Endurance regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Endurance may be served with process by serving its

registered agent via certified mail, return receipt requested, to **CT Corporation Systems, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

1.8     Defendant, Colony Insurance Company, is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Colony regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Colony may be served with process by serving its registered agent via certified mail, return receipt requested, to the **Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701** for further forwarding to **P.O. Box 469012, San Antonio, Texas 78246.**

## DISCOVERY LEVEL

2.1     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## VENUE & JURISDICTION

3.1     Venue is proper in Harris County under TEX. CIV. PRAC. & REM. CODE 15.002(a)(1) as all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County. In particular, the Property at issue and the adjustment of the claim by Defendants for losses under the Lloyd's Policy (including payments to be made to Plaintiff under the Lloyd's Policy) were conducted in Harris County, Texas.   Investigations and policy representations including communications to and from Defendants and Plaintiff including telephone calls, mailings, and other communications to Plaintiff occurred in Harris County, Texas.

3.2     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Additionally, the Lloyd's Policy includes a Texas choice of law and jurisdiction clause.  Plaintiff is seeking monetary relief in an amount over $1,000,000.  Plaintiff reserves the right to modify the amount and type of relief sought in the future.

## FACTS

4.1     Plaintiff owns and operates the Plaza Paseo Mall in Harris County, Texas located at 171 Pasadena Town Square Mall, Pasadena, Texas (the "Plaza Paseo Mall" or the "Property").  The following is aerial photo imagery depics the enormous size of the Property at issue.



4.2     The Property's roofing system is compromised of low-sloped roof sections primarily covered with modified bitumen roofing, one low-sloped roof section that is covered with gravel

4

impregnated build-up roofing and multiple mono-sloped roof sections covered with modified bitumen.

**Hurricane Harvey and Plaintiff's Claim for Covered Damages**

4.3     On or about August 25, 2017, Hurricane Harvey, recognized as one of the most devastating natural disasters in United States history, made landfall in Texas as a Category 4 hurricane with wind speeds of up to 150 miles per hour.   Hurricane Harvey's winds and rain traveled along southeast Texas wreaking billions of damages to private and public property in Harris County, Texas including Pasadena, Texas.   The Texas Governor Greg Abbott estimated that Hurricane Harvey's damages will total a historic $180 billion.

4.4     On or around August 26, 2017, Harvey's extreme winds, hail, and rain, hit the Property substantially damaging the Property.   All of the Property's roof systems, including windows and skylights were substantially damaged by Harvey's winds, hail and subsequent water.   The roof systems including the windows and skylights must be completely replaced from Harvey's damage. Additionally, the interior of the Property sustained substantial covered damages by Harvey's storm created openings, including but not limited to, portions of the main hallway, unit 353, unit 337, unit 328 through 324, unit 320, the service hallway, unit 325, unit 321, unit 317, unit 316, unit 313, unit 300, unit 284, unit 273, unit 269, unit 264, unit 261, unit 257, unit 256, unit 253, the service hallway between units 235 & 245, unit 245, unit 244, unit 237, unit 240, unit 236, unit 229, unit 225, unit 213, unit 175, unit 143, unit 135, unit 136, unit 144, unit 132, unit 127, unit 123, unit 119, unit 124, unit 120, unit 116, unit 115, unit 108, unit 103, the mall storage, and the maintenance shop.   Furthermore, many of the A/C units require replacement due to Harvey's damage to the Property.

4.5     Although the Property received such devastating damage, Plaintiff felt secure and protected

5

by significant insurance coverage Plaintiff procured from the Carriers to insure the Property from precisely this type of catastrophe.  Before August 24, 2017, Underwriters, through the program designed by Alesco, sold Plaintiff a primary commercial policy identified as UMR:B1263EW0000217 whereby the Underwriters would provide commercial insurance coverage for the Property in exchange for the timely payment of significant premiums (the "Policy").  Sirius subscribed to the Lloyd's Policy with the Underwriters and retained a 5% liability share of the Lloyd's Policy with the other Lloyd's syndicates retaining 95% of the liability under the Lloyd's Policy.  The Lloyd's Policy provides coverage for covered damages to the Property that occurred during the Lloyd's Policy Period, from April 1, 2017 through April 1, 2018.  The Lloyd's Policy includes coverage for damages caused by wind, hail, and water, to the Property's "Real and Personal Property," which includes the Property's Plaza Paseo Building.  The coverages include, but are not limited to, $5,000,000 per occurrence, $35,000,000.00 of Named Storm coverage, Ordinance or Law Coverage A - For the Loss to The Undamaged Portions of the Building, Ordinance or Law Coverage B - Demolition Cost Coverage, Ordinance or Law Coverage C – Increased Cost of Construction Coverage, and Professional Fee Coverage.

4.6     Under the Lloyd's Policy, Underwriters and Sirius are liable for the primary $5,000,000 layer of insurance under the Lloyd's Policy.  Endurance retained liability for the next $5,000,000 of coverage in excess of the primary $5,000,000 under the Lloyd's Policy.  Endurance's excess policy number is ESP30000290600 (the "Endurance Policy").  Colony retained liability for the next $10,000,000 layer in coverage under the Lloyd's Policy that is in excess of the first $10,000,000 of coverage.  Colony's excess Policy is number XP264067 (the Colony Policy").

4.7     Underwriters at Lloyd's, London operates as the most prolific surplus lines, commercial insurer in the State of Texas.  In 2017 all surplus lines insurers operating in Texas wrote

6

approximately $5.5 billion in premiums.  Of that, $1.5 billion was written by Underwriters at Lloyd's, London, with the next largest entity writing $250 million in premiums.  Underwriters leads the Texas markets as the largest participating insurance entity with approximately 28% of the lucrative Texas market.  Texas is one of the largest markets for Underwriters at Lloyd's, London representing 10% of the total $15 billion in premiums it writes annually in the United States alone.  Underwriters at Lloyd's, London is not licensed in Texas despite its large Texas market share.  In Texas, Underwriters at Lloyd's, London operates as an unlicensed surplus lines insurer that is not admitted as an insurer in the state.

4.8     Institutional investors, typically international insurance companies, compromise the members that form most Underwriters at Lloyd's, London syndicates operating in Texas.  These alien syndicates are nothing more than foreign insurance companies utilizing Underwriters at Lloyd's, London's eligibility to write insurance in the lucrative Texas market to Texas business owner's detriment.  The Lloyd's Policy is a prime example of this abuse.  The Lloyd's Policy was underwritten by distinct Underwriters at Lloyd's, London syndicates, each of whom is a foreign, unlicensed, non-admitted, ineligible entity.  Their only legal nexus to writing insurance in this state is by essentially piggybacking on Underwriters at Lloyd's, London eligibility.  The syndicates are borrowing Underwriters at Lloyd's, London's license in order to operate in Texas from foreign shores.  The Lloyd's Policy demonstrates this alarming trend and contains the following participating syndicates and their share of the risk under the Lloyd's Policy:

| | |
|---|---|
| 20.0000 | FDY435 |
| 18.0000 | AMA1200 |
| 15.0000 | QBE1886 |
| 11.0000 | APL1968 |
| 11.0000 | TAL11863 |
| 10.0000 | DUW1729 |
| 10.0000 | HIS33 |
| 5.0000 | C2219 |
| 100% of Order | |

4.9      None of these insurers are licensed to write insurance in Texas.  None are admitted carriers.
None are have complied with any Texas regulatory requirement.  Each of these foreign entities is
borrowing Underwriters at Lloyd's, London's eligibility to write insurance in Texas, to the
detriment of business consumer in Texas and the Plaintiff.

4.10     Immediately after Harvey, Plaintiff filed a claim with the Carriers alerting them of the
damages sustained in paragraph 4.4 above ("the Claim").  Plaintiff's sense of security from his
contractual relationship with the Carriers would prove illusory as the Carriers each began their
investigation and handling of the Claim.

**Defendants' Claim Handling**

4.11     According to the Lloyd's Policy, the parties contracted to have Vericlaim, Inc., 2500
Wilcrest #203, Houston, TX 77042 as the adjuster to adjust the Claim.  Unfortunately, the Carriers
breached this provision and assigned Engle Martin as the adjusting company to adjust the claim
on the Carriers' behalf.  In violation of the insurance code, the Carriers delegated its duty to handle
its claim to Engle & Martin.  Engle Martin then assigned its employees, John Miller and Ken
Brown, to handle the Claim.  To Plaintiff's detriment, the Carriers assigned Engle Martin because
Engle Martin has a long-standing relationship with the Carriers and wrongfully denies valid claims
on behalf of the Carriers to ensure the Carriers' profitability and Engle Martin's repeat business.

8

Engle Martin holds itself out as having an extensive relationship with Lloyd's of London brokerages, syndicates, and excess & surplus lines carriers.

4.12    The Defendants' claims-handling process, or lack thereof, resulted in a wrongful denial despite the substantial facts, physical evidence, obvious wind damages, and meteorological data from Hurricane Harvey.  Plaintiff hired various professionals to substantiate covered damages and cost to repair to the Carriers and Engle Martin.  Plaintiff provided the professionals' line item cost to repair the damaged property, 24-page expert report explaining why the damages are covered, ordinance of law analysis, weather analysis, over 631 photos substantiating the covered damages, and HVAC report.

4.13    Defendants unreasonably pinned the loss on anything but the wind in an attempt designed to save the Carriers millions of dollars they owe for covered damages under the Lloyd's Policy, the Endurance Policy, and the Colony Policy.  Engle Martin apparently inspected the property twice.  Although Defendants have, to date, provided no clear documentation of their own inspection or findings, they denied the claim in full on July 6, 2018.

4.14    Engle Martin's denial letter cut and paste inapplicable policy exclusions and failed to give Plaintiff a reasonable explanation of how the exclusions apply to the Claim.  Engle Martin wrongfully denied the Claim by using its standard form letter stating that the damages found were a result of "wear and tear, improper installation, and deficient conditions, and the interior damage was not caused by any storm-created openings during the Lloyd's, Endurance, and Colony Policy period."  The Defendants made numerous misrepresentations by cutting and pasting inapplicable policy provisions.  No estimates of damages were ever provided to Plaintiff.  Furthermore, the Carriers correspondence between themselves demonstrates the fact that they were aware the Property sustained damages and coverage for the damages was under the applicable deductible.

9

Despite this fact, the Carriers told Engle Martin not to issue payment for the Claim even though their liability under tier policies were reasonable clear during the claims handling process.

4.15    Engle Martin's adjusters were improperly trained by the Carriers.  In fact, the Carriers provided Engle Martin and Miller no training whatsoever nor did they examine Engle Martin's adjuster qualifications.   Furthermore, Engle Martin was not the proper adjusting company according to the Lloyd's Policy.

4.16    Next, Engle Martin and the Carriers conspired with and hired J.S. Held, LLC after Plaintiff submitted the documents substantiating covered damages.  J.S. Held, LLC is another bias company that has a long-standing relationship with Engle Martin and the Carriers.  J.S. Held writes the majority of the engineering reports that fraudulently and wrongfully deny coverage on behalf of the Carriers and Engle Martin in Texas.  J.S. Held routinely sponsors and presents at insurance backed conferences with Engle Martin.  The defendants relied on J.S. Held's biased report that contains numerous paragraphs copied and pasted from J.S. Held's systematic denial recommendation it routinely provides the Carriers.

4.17    Defendants misrepresented to Plaintiff that the damages to the Property was not covered under the Lloyd's Policy, even though the damages were caused by Harvey.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.

4.18    Unfortunately, Defendants delayed payment for Plaintiff's necessary and covered property damages covered by the Lloyd's Policy, the Endurance Policy, and the Colony Policy.  Given the repeated delays of payment, Plaintiff has been subjected to significant economic impact, and physical damage.  In addition, Plaintiff has suffered financial harm and damages as a result of Defendants' denials and repeated delays.  The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.  Plaintiff is still unable to properly repair the

Property since the Carriers have paid zero dollars for the covered damages and professional fees under the Lloyd's Policy.  The amount of damages Plaintiff's experts presented the Carriers fall within the liability of coverage under the Lloyd's Policy, the Endurance Policy, and the Colony Policy.

4.19    To this day, the Carriers have refused to pay for any covered damages under the Lloyd's Policy, Endurance Policy, and Colony Policy.  As a result of Defendants' acts and/or omissions, Plaintiff was required to retain an attorney to prosecute its claim for insurance benefits.

4.20    On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code.  Section 542A.003 requires detailed, comprehensive pre-suit notice that is intended to make the claims litigation process more transparent and potentially avoid unnecessary lawsuits.  Upon receiving notice, an insurer has a right to conduct an inspection and even make an offer to avoid litigation.  When an insurance company utilizes Section 542A properly, an insurance carrier and insured can avoid protracted litigation over a clear claim.

4.21    In compliance with Section 542A.003, Plaintiff gave its pre-suit notice on November 11, 2018.  The pre-suit notice provided a comprehensive outline of Plaintiff's claim, damages, and quantified the loss at that point in time.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

5.1    Each of the foregoing paragraphs is incorporated by reference in the following:

5.2.     As outlined above, the Carriers had a contract of insurance with Plaintiff.  The Carriers breached the contract by its failure/and or refusal to pay for covered damages under the Lloyd's Policy, the Endurance Policy, and the Colony Policy.  The Carriers also breached their contract with Plaintiff by assigning Engle Martin as the adjusting company.  As a result of the Carrier's breach, Plaintiff suffered legal damages.

11

## SECOND CAUSE OF ACTION – VIOLATIONS OF TEXAS INSURANCE CODE

6.1    Each of the foregoing paragraphs is incorporated by reference in the following:

6.2    Defendants misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue in violation of TEX. INS. CODE § 541.060 (a)(1).

6.3    Defendants unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Lloyd's Policy had become reasonably clear, constitutes a violation of TEX. INS. CODE § 541.060(a)(2)(A).

6.4    Defendants failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of TEX. INS. CODE § 541.060(a)(3).

6.5    Defendants failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policies.

6.6    Defendants failed within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a proper reservation of rights to a policyholder in violations of TEX. INS. CODE § 541.060(a)(4).

6.7    Defendants refused to pay the Claim without conducting a reasonable investigation with respect to the Claim in violation of TEX. INS. CODE § 541.060(a)(7).

6.8    Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff, by making an untrue statement of material fact, in violation of TEX. INS. CODE § 541.061 (1).

6.9    Defendants misrepresented the insurance policy under which it affords Property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of TEX. INS. CODE § 541.061 (2).

6.10    Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of TEX. INS. CODE § 541.061 (3) and TEX. INS. CODE § 541.0002 (1).

6.11    Defendants failed to acknowledge within reasonable promptness pertinent communications relating to Plaintiff's claim arising under Plaintiff's insurance policy.

6.12    Defendants knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of TEX. INS. CODE § 541.002 (1).

## THIRD CAUSE OF ACTION – PROMPT PAYMENT OF CLAIM

7.1    Each of the foregoing paragraphs is incorporated by reference in the following:

7.2    Plaintiff is entitled to interest and attorney fees for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

7.3    The Carriers failed to acknowledge receipt of the Claim in violation of TEX. INS. CODE §542.055(a)(1).

7.4    The Carriers failed to timely commence investigation of the Claim or to request from Plaintiff any additional items, statements or forms that the Carriers reasonably believe to be required from Plaintiff in violation of TEX. INS. CODE §542.055(a)(2)-(3).

7.5    The Carriers failed to notify Plaintiff in writing of its acceptance or rejection of the Claim not later than the 15th business day after receipt of all items, statements and forms required by Carriers in violation of TEX. INS. CODE §542.056(a).

7.6    The Carriers delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided

13

for under Tex. Ins. Code §542.058(a).

7.7     Each of the actions described herein were done knowingly as described in the Texas Insurance Code and were the producing cause of Plaintiff's damages.

7.8     Plaintiff makes a claim for statutory interest penalties along with reasonable attorney's fees for violation of Texas Insurance Code Subchapter B pursuant to Tex. Ins. Code §542.060.

### FOURTH CAUSE OF ACTION – BREACH OF DUTY OF GOOD FAITH & FAIR DEALING

8.1     Each of the foregoing paragraphs is incorporated by reference in the following:

8.2     The Carriers, as the property coverage insurers, had a non-delegable duty to deal fairly and in good faith with Plaintiff in the processing of the Claim.  The Carriers breached this duty by refusing to properly investigate and effectively denying insurance benefits.  The Carriers knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of the Carriers' breach of these legal duties, Plaintiff suffered legal damages.

### FIFTH CAUSE OF ACTION – BAD FAITH PUNITIVE DAMAGES

9.1     Each of the foregoing paragraphs is incorporated by reference in the following:

9.2     Defendants acted fraudulently and with malice in denying and delaying Plaintiff's claim for benefits.  Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### SIXTH CAUSE OF ACTION – DTPA VIOLATIONS

10.1     Each of the foregoing paragraphs is incorporated by reference in the following:

10.2     The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.  Defendants' violations of The Texas Insurance Code, as set forth herein, specifically violates the DTPA as well.

14

Defendants has also acted unconscionably, as that term is defined under the DTPA

10.3    Each of the actions described herein were done "knowingly" as that term is used in the

DTPA and were a producing cause of Plaintiff's damages.

## KNOWLEDGE

11.1    Each of the acts described above, together and singularly, was done "knowingly" as that

term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## DAMAGES

12.1    Plaintiff would show that all of the aforementioned acts, taken together or singularly,

constitute the producing causes of the damages sustained by Plaintiff.

12.2    Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the

law.  These damages include consequential damages to its economic welfare from the wrongful

denial and delay of benefits including the loss of the Property and business; and the other actual

damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

12.3    For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is

the amount of Plaintiff's claim less the applicable deductible, together with attorney's fees.

12.4    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff

is entitled to actual damages, which include the loss of the benefits that should have been paid

pursuant to the Lloyd's Policy, the Endurance Policy, and the Colony Policy, court costs, and

attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times

their actual damages.  TEX. INS. CODE § 541.152.

12.5    Plaintiff is entitled to statutory interest as damages under the Texas Insurance Code

542.060(c).

12.6    Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal

15

rate.

12.7     Plaintiff is entitled to the recovery of attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, TEX. INS. CODE §542.060(a)-(b), the TEX. BUS. & COMMERCE CODE §17.50 and TEX. CIV. PRAC. & REM. CODE §37.009.

12.8     As a result of the Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

13.1     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendants.

## DISCOVERY REQUESTS

14.1     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within (50) days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

14.2     Defendants are requested to respond to the interrogatories and requests for production, attached as Exhibit "A" within fifty (50) days, in accordance with the instructions stated therein.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.  The necessary jury fee has been paid.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff have judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**BARTON LAW FIRM**

By:     */s/   Daniel P. Barton*
Daniel P. Barton
State Bar No.: 00789774
dbarton@bartonlawgroup.com
Matthew J. Worrall
State Bar No. 24070883
mworrall@barrtonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900 – Fax

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing instrument has been served on the following known counsel of record via the Court's electronic filing system, on July 26, 2019, to the following counsel of record:

Kristin C. Cummings
kcummings@zelle.com
Lindsey P. Bruning
lbruning@zelle.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Facsimile: 214-760-8994

*/s/ Daniel P. Barton*
Daniel P. Barton

18

# EXHIBIT B4

**PLAINTIFFS' SECOND AMENDED PETITION**

CAUSE NO: 2019-04625

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT, LLC AND 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO | § § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | HARRIS COUNTY, TEXAS |
| V. | § § | |
| UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCIATES, LLC, AND JOHN MILLER | § § § § § | 11TH JUDICIAL DISTRICT |
| *Defendants.* | § § § | |

## **PLAINTIFFS' SECOND AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUARDIAN EQUITY MANAGEMENT, LLC ("Guardian Equity"), 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO ("Plaza Paseo"), and STONE LEGACY GROUP, LLC ("Stone Legacy")(collectively referred to as "Plaintiff"), and files this Second Amended Petition against Defendants, UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217 ("Underwriters"), SIRIUS INTERNATIONAL INSURANCE CORPORATION ("Sirius"), ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY ("Endurance"), COLONY INSURANCE COMPANY ("Colony")(collectively the "Carriers"), ENGLE MARTIN & ASSOCIATES, LLC ("Engle Martin"), and JOHN MILLER ("Miller") (collectively referred to as "Defendants"), and respectfully would show this court as follows.

1

## PARTIES

1.1     Plaintiff, Guardian Equity, is a limited liability company with a principal place of business in Harris County, Texas and owns the Property that is the subject of this lawsuit, which is located in Harris County, Texas.

1.2     Plaintiff, Plaza Paseo, is a limited liability company with a principal place of business in Harris County, Texas and owns the Property that is the subject of this lawsuit, which is located in Harris County, Texas.

1.3.    Plaintiff, Stone Legacy, is a limited liability company with its principal place of business in Harris County, Texas and the named insured under the insurance policies that are the subject of this lawsuit.

1.4     Defendant, Underwriters, has appeared and answered.

1.5     Defendant, John Miller, has appeared and answered.

1.6     Defendant, Engle Martin, has appeared and answered.

1.7     Defendant, Sirius International Insurance Corporation, is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Sirius regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Sirius may be served with process by serving its registered agent via certified mail, return receipt requested, to the **Texas Insurance Commissioner at 333 Guadalupe Street, Austin, Texas 78701**.  The Commissioner may forward citation and the Petition to this Defendant at its mailing address and/or principal place of business at: **Foley & Lardner LLP, 555 California Street, Suite 1700, San Francisco, CA 94104-1520**.

1.8     Defendant, Endurance American Specialty Insurance Company, is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating

2

monetary profit.  Endurance regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Endurance's counsel has agreed to waive service of process in this case.

1.9     Defendant, Colony Insurance Company, is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Colony regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Colony may be served with process by serving its registered agent via certified mail, return receipt requested, to the **Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701** for further forwarding to **General Counsel, Colony Insurance Company, P.O. Box 469011, San Antonio, Texas 78246.**

## DISCOVERY LEVEL

2.1     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## VENUE & JURISDICTION

3.1     Venue is proper in Harris County under TEX. CIV. PRAC. & REM. CODE 15.002(a)(1) as all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County. In particular, the Property at issue and the adjustment of the claim by Defendants for losses under the Lloyd's Policy (including payments to be made to Plaintiff under the Lloyd's Policy) were conducted in Harris County, Texas.   Investigations and policy representations including communications to and from Defendants and Plaintiff including telephone calls, mailings, and other communications to Plaintiff occurred in Harris County, Texas.

3.2     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Additionally, the Lloyd's Policy includes a Texas choice of law

3

and jurisdiction clause.  Plaintiff is seeking monetary relief in an amount over $1,000,000.  Plaintiff reserves the right to modify the amount and type of relief sought in the future.

## FACTS

4.1     Plaintiff owns and operates the Plaza Paseo Mall in Harris County, Texas located at 171 Pasadena Town Square Mall, Pasadena, Texas (the "Plaza Paseo Mall" or the "Property").  The following is aerial photo imagery depicts the enormous size of the Property at issue.



4.2     The Property's roofing system is comprised of low-sloped roof sections primarily covered with modified bitumen roofing, one low-sloped roof section that is covered with gravel impregnated build-up roofing and multiple mono-sloped roof sections covered with modified bitumen.

**Hurricane Harvey and Plaintiff's Claim for Covered Damages**

4.3     On or about August 25, 2017, Hurricane Harvey, recognized as one of the most devastating natural disasters in United States history, made landfall in Texas as a Category 4 hurricane with wind speeds of up to 150 miles per hour.  Hurricane Harvey's winds and rain traveled along southeast Texas wreaking billions of damages to private and public property in Harris County, Texas including Pasadena, Texas.  The Texas Governor Greg Abbott estimated that Hurricane Harvey's damages will total a historic $180 billion.

4.4     On or around August 26, 2017, Harvey's extreme winds, hail, and rain, hit the Property substantially damaging the Property.  All of the Property's roof systems, including windows and skylights were substantially damaged by Harvey's winds, hail and subsequent water.  The roof systems including the windows and skylights must be completely replaced from Harvey's damage.  Additionally, the interior of the Property sustained substantial covered damages by Harvey's storm created openings, including but not limited to, portions of the main hallway, unit 353, unit 337, unit 328 through 324, unit 320, the service hallway, unit 325, unit 321, unit 317, unit 316, unit 313, unit 300, unit 284, unit 273, unit 269, unit 264, unit 261, unit 257, unit 256, unit 253, the service hallway between units 235 & 245, unit 245, unit 244, unit 237, unit 240, unit 236, unit 229, unit 225, unit 213, unit 175, unit 143, unit 135, unit 136, unit 144, unit 132, unit 127, unit 123, unit 119, unit 124, unit 120, unit 116, unit 115, unit 108, unit 103, the mall storage, and the maintenance shop.  Furthermore, many of the A/C units require replacement due to Harvey's damage to the

5

Property.

4.5     Although the Property received such devastating damage, Plaintiff felt secure and protected by significant insurance coverage Plaintiff procured from the Carriers to insure the Property from precisely this type of catastrophe.  Before August 24, 2017, Underwriters, through the program designed by Alesco, sold Plaintiff a primary commercial policy identified as UMR:B1263EW0000217 whereby the Underwriters would provide commercial insurance coverage for the Property in exchange for the timely payment of significant premiums (the "Policy").  Sirius subscribed to the Lloyd's Policy with the Underwriters and retained a 5% liability share of the Lloyd's Policy with the other Lloyd's syndicates retaining 95% of the liability under the Lloyd's Policy.  The Lloyd's Policy provides coverage for covered damages to the Property that occurred during the Lloyd's Policy Period, from April 1, 2017 through April 1, 2018.  The Lloyd's Policy includes coverage for damages caused by wind, hail, and water, to the Property's "Real and Personal Property," which includes the Property's Plaza Paseo Building.  The coverages include, but are not limited to, $5,000,000 per occurrence, $35,000,000.00 of Named Storm coverage, Ordinance or Law Coverage A - For the Loss to The Undamaged Portions of the Building, Ordinance or Law Coverage B - Demolition Cost Coverage, Ordinance or Law Coverage C – Increased Cost of Construction Coverage, and Professional Fee Coverage.

4.6     Under the Lloyd's Policy, Underwriters and Sirius are liable for the primary $5,000,000 layer of insurance under the Lloyd's Policy.  Endurance retained liability for the next $5,000,000 of coverage in excess of the primary $5,000,000 under the Lloyd's Policy.  Endurance's excess policy number is ESP30000290600 (the "Endurance Policy").  Colony retained liability for the next $10,000,000 layer in coverage under the Lloyd's Policy that is in excess of the first $10,000,000 of coverage.  Colony's excess Policy is number XP264067 (the Colony Policy").

4.7     Underwriters at Lloyd's, London operates as the most prolific surplus lines, commercial insurer in the State of Texas.   In 2017 all surplus lines insurers operating in Texas wrote approximately $5.5 billion in premiums.   Of that, $1.5 billion was written by Underwriters at Lloyd's, London, with the next largest entity writing $250 million in premiums.   Underwriters leads the Texas markets as the largest participating insurance entity with approximately 28% of the lucrative Texas market.   Texas is one of the largest markets for Underwriters at Lloyd's, London representing 10% of the total $15 billion in premiums it writes annually in the United States alone.   Underwriters at Lloyd's, London is not licensed in Texas despite its large Texas market share.   In Texas, Underwriters at Lloyd's, London operates as an unlicensed surplus lines insurer that is not admitted as an insurer in the state.

4.8     Institutional investors, typically international insurance companies, compromise the members that form most Underwriters at Lloyd's, London syndicates operating in Texas.   These alien syndicates are nothing more than foreign insurance companies utilizing Underwriters at Lloyd's, London's eligibility to write insurance in the lucrative Texas market to Texas business owner's detriment.   The Lloyd's Policy is a prime example of this abuse.   The Lloyd's Policy was underwritten by distinct Underwriters at Lloyd's, London syndicates, each of whom is a foreign, unlicensed, non-admitted, ineligible entity.   Their only legal nexus to writing insurance in this state is by essentially piggybacking on Underwriters at Lloyd's, London eligibility.   The syndicates are borrowing Underwriters at Lloyd's, London's license in order to operate in Texas from foreign shores.   The Lloyd's Policy demonstrates this alarming trend and contains the following participating syndicates and their share of the risk under the Lloyd's Policy:

| | |
|---|---|
| 20.0000 | FDY435 |
| 18.0000 | AMA1200 |
| 15.0000 | QBE1886 |
| 11.0000 | APL1969 |
| 11.0000 | TAL11863 |
| 10.0000 | DUW1729 |
| 10.0000 | HIS33 |
| 5.0000 | C2219 |
| 100% of Order | |

4.9     None of these insurers are licensed to write insurance in Texas.  None are admitted carriers.

None are have complied with any Texas regulatory requirement.  Each of these foreign entities is

borrowing Underwriters at Lloyd's, London's eligibility to write insurance in Texas, to the

detriment of business consumer in Texas and the Plaintiff.

4.10    Immediately after Harvey, Plaintiff filed a claim with the Carriers alerting them of the

damages sustained in paragraph 4.4 above ("the Claim").  Plaintiff's sense of security from his

contractual relationship with the Carriers would prove illusory as the Carriers each began their

investigation and handling of the Claim.

**Defendants' Claim Handling**

4.11    According to the Lloyd's Policy, the parties contracted to have Vericlaim, Inc., 2500

Wilcrest #203, Houston, TX 77042 as the adjuster to adjust the Claim.  Unfortunately, the Carriers

breached this provision and assigned Engle Martin as the adjusting company to adjust the claim

on the Carriers' behalf.  In violation of the insurance code, the Carriers delegated its duty to handle

its claim to Engle & Martin.  Engle Martin then assigned its employees, John Miller and Ken

Brown, to handle the Claim.  To Plaintiff's detriment, the Carriers assigned Engle Martin because

Engle Martin has a long-standing relationship with the Carriers and wrongfully denies valid claims

on behalf of the Carriers to ensure the Carriers' profitability and Engle Martin's repeat business.

8

Engle Martin holds itself out as having an extensive relationship with Lloyd's of London brokerages, syndicates, and excess & surplus lines carriers.

4.12    The Defendants' claims-handling process, or lack thereof, resulted in a wrongful denial despite the substantial facts, physical evidence, obvious wind damages, and meteorological data from Hurricane Harvey.  Plaintiff hired various professionals to substantiate covered damages and cost to repair to the Carriers and Engle Martin.  Plaintiff provided the professionals' line item cost to repair the damaged property, 24-page expert report explaining why the damages are covered, ordinance of law analysis, weather analysis, over 631 photos substantiating the covered damages, and HVAC report.

4.13    Defendants unreasonably pinned the loss on anything but the wind in an attempt designed to save the Carriers millions of dollars they owe for covered damages under the Lloyd's Policy, the Endurance Policy, and the Colony Policy.  Engle Martin apparently inspected the property twice.  Although Defendants have, to date, provided no clear documentation of their own inspection or findings, they denied the claim in full on July 6, 2018.

4.14    Engle Martin's denial letter cut and paste inapplicable policy exclusions and failed to give Plaintiff a reasonable explanation of how the exclusions apply to the Claim.  Engle Martin wrongfully denied the Claim by using its standard form letter stating that the damages found were a result of "wear and tear, improper installation, and deficient conditions, and the interior damage was not caused by any storm-created openings during the Lloyd's, Endurance, and Colony Policy period."  The Defendants made numerous misrepresentations by cutting and pasting inapplicable policy provisions.  No estimates of damages were ever provided to Plaintiff.  Furthermore, the Carriers correspondence between themselves demonstrates the fact that they were aware the Property sustained damages and coverage for the damages was under the applicable deductible.

9

Despite this fact, the Carriers told Engle Martin not to issue payment for the Claim even though their liability under tier policies were reasonable clear during the claims handling process.

4.15     Engle Martin's adjusters were improperly trained by the Carriers.  In fact, the Carriers provided Engle Martin and Miller no training whatsoever nor did they examine Engle Martin's adjuster qualifications.   Furthermore, Engle Martin was not the proper adjusting company according to the Lloyd's Policy.

4.16     Next, Engle Martin and the Carriers conspired with and hired J.S. Held, LLC after Plaintiff submitted the documents substantiating covered damages.  J.S. Held, LLC is another bias company that has a long-standing relationship with Engle Martin and the Carriers.  J.S. Held writes the majority of the engineering reports that fraudulently and wrongfully deny coverage on behalf of the Carriers and Engle Martin in Texas.  J.S. Held routinely sponsors and presents at insurance backed conferences with Engle Martin.  The defendants relied on J.S. Held's biased report that contains numerous paragraphs copied and pasted from J.S. Held's systematic denial recommendation it routinely provides the Carriers.

4.17     Defendants misrepresented to Plaintiff that the damages to the Property was not covered under the Lloyd's Policy, even though the damages were caused by Harvey.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.

4.18     Unfortunately, Defendants delayed payment for Plaintiff's necessary and covered property damages covered by the Lloyd's Policy, the Endurance Policy, and the Colony Policy.  Given the repeated delays of payment, Plaintiff has been subjected to significant economic impact, and physical damage.  In addition, Plaintiff has suffered financial harm and damages as a result of Defendants' denials and repeated delays.  The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.  Plaintiff is still unable to properly repair the

Property since the Carriers have paid zero dollars for the covered damages and professional fees under the Lloyd's Policy. The amount of damages Plaintiff's experts presented the Carriers fall within the liability of coverage under the Lloyd's Policy, the Endurance Policy, and the Colony Policy.

4.19    To this day, the Carriers have refused to pay for any covered damages under the Lloyd's Policy, Endurance Policy, and Colony Policy. As a result of Defendants' acts and/or omissions, Plaintiff was required to retain an attorney to prosecute its claim for insurance benefits.

4.20    On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. Section 542A.003 requires detailed, comprehensive pre-suit notice that is intended to make the claims litigation process more transparent and potentially avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection and even make an offer to avoid litigation. When an insurance company utilizes Section 542A properly, an insurance carrier and insured can avoid protracted litigation over a clear claim.

4.21    In compliance with Section 542A.003, Plaintiff gave its pre-suit notice on November 11, 2018. The pre-suit notice provided a comprehensive outline of Plaintiff's claim, damages, and quantified the loss at that point in time.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

5.1    Each of the foregoing paragraphs is incorporated by reference in the following:

5.2.     As outlined above, the Carriers had a contract of insurance with Plaintiff. The Carriers breached the contract by its failure/and or refusal to pay for covered damages under the Lloyd's Policy, the Endurance Policy, and the Colony Policy. The Carriers also breached their contract with Plaintiff by assigning Engle Martin as the adjusting company. As a result of the Carrier's breach, Plaintiff suffered legal damages.

11

## SECOND CAUSE OF ACTION – VIOLATIONS OF TEXAS INSURANCE CODE

6.1    Each of the foregoing paragraphs is incorporated by reference in the following:

6.2    Defendants misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue in violation of TEX. INS. CODE § 541.060 (a)(1).

6.3    Defendants unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Lloyd's Policy had become reasonably clear, constitutes a violation of TEX. INS. CODE § 541.060(a)(2)(A).

6.4    Defendants failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of TEX. INS. CODE § 541.060(a)(3).

6.5    Defendants failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policies.

6.6    Defendants failed within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a proper reservation of rights to a policyholder in violations of TEX. INS. CODE § 541.060(a)(4).

6.7    Defendants refused to pay the Claim without conducting a reasonable investigation with respect to the Claim in violation of TEX. INS. CODE § 541.060(a)(7).

6.8    Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff, by making an untrue statement of material fact, in violation of TEX. INS. CODE § 541.061 (1).

6.9    Defendants misrepresented the insurance policy under which it affords Property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of TEX. INS. CODE § 541.061 (2).

6.10    Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of TEX. INS. CODE § 541.061 (3) and TEX. INS. CODE § 541.0002 (1).

6.11    Defendants failed to acknowledge within reasonable promptness pertinent communications relating to Plaintiff's claim arising under Plaintiff's insurance policy.

6.12    Defendants knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of TEX. INS. CODE § 541.002 (1).

## **THIRD CAUSE OF ACTION – PROMPT PAYMENT OF CLAIM**

7.1    Each of the foregoing paragraphs is incorporated by reference in the following:

7.2    Plaintiff is entitled to interest and attorney fees for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

7.3    The Carriers failed to acknowledge receipt of the Claim in violation of TEX. INS. CODE §542.055(a)(1).

7.4    The Carriers failed to timely commence investigation of the Claim or to request from Plaintiff any additional items, statements or forms that the Carriers reasonably believe to be required from Plaintiff in violation of TEX. INS. CODE §542.055(a)(2)-(3).

7.5    The Carriers failed to notify Plaintiff in writing of its acceptance or rejection of the Claim not later than the 15th business day after receipt of all items, statements and forms required by Carriers in violation of TEX. INS. CODE §542.056(a).

7.6    The Carriers delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided

13

for under TEX. INS. CODE §542.058(a).

7.7     Each of the actions described herein were done knowingly as described in the Texas

Insurance Code and were the producing cause of Plaintiff's damages.

7.8     Plaintiff makes a claim for statutory interest penalties along with reasonable attorney's fees

for violation of Texas Insurance Code Subchapter B pursuant to TEX. INS. CODE §542.060.

## FOURTH CAUSE OF ACTION – BREACH OF DUTY
## OF GOOD FAITH & FAIR DEALING

8.1     Each of the foregoing paragraphs is incorporated by reference in the following:

8.2     The Carriers, as the property coverage insurers, had a non-delegable duty to deal fairly and

in good faith with Plaintiff in the processing of the Claim.   The Carriers breached this duty by

refusing to properly investigate and effectively denying insurance benefits.   The Carriers knew or

should have known that there was no reasonable basis for denying or delaying the required

benefits.   As a result of the Carriers' breach of these legal duties, Plaintiff suffered legal damages.

## FIFTH CAUSE OF ACTION – BAD FAITH PUNITIVE DAMAGES

9.1     Each of the foregoing paragraphs is incorporated by reference in the following:

9.2     Defendants acted fraudulently and with malice in denying and delaying Plaintiff's claim

for benefits.   Defendants had actual subjective awareness of the risk involved, but nevertheless

proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

## SIXTH CAUSE OF ACTION – DTPA VIOLATIONS

10.1    Each of the foregoing paragraphs is incorporated by reference in the following:

10.2    The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional

protections to consumers who are victims of deceptive, improper, or illegal practices.   Defendants'

violations of The Texas Insurance Code, as set forth herein, specifically violates the DTPA as well.

14

Defendants has also acted unconscionably, as that term is defined under the DTPA

10.3    Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiff's damages.

## KNOWLEDGE

11.1    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## DAMAGES

12.1    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

12.2    Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law.  These damages include consequential damages to its economic welfare from the wrongful denial and delay of benefits including the loss of the Property and business; and the other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

12.3    For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of Plaintiff's claim less the applicable deductible, together with attorney's fees.

12.4    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Lloyd's Policy, the Endurance Policy, and the Colony Policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages.  TEX. INS. CODE § 541.152.

12.5    Plaintiff is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

12.6    Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal

rate.

12.7    Plaintiff is entitled to the recovery of attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, TEX. INS. CODE §542.060(a)-(b), the TEX. BUS. & COMMERCE CODE §17.50 and TEX. CIV. PRAC. & REM. CODE §37.009.

12.8    As a result of the Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

13.1    All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendants.

## DISCOVERY REQUESTS

14.1    Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within (50) days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

14.2    Defendants are requested to respond to the interrogatories and requests for production, attached as Exhibit "A" within fifty (50) days, in accordance with the instructions stated therein.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.  The necessary jury fee has been paid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff have judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

BARTON LAW FIRM

By:     /s/   Daniel P. Barton
        Daniel P. Barton
        State Bar No.: 00789774
        dbarton@bartonlawgroup.com
        Matthew J. Worrall
        State Bar No. 24070883
        mworrall@barrtonlawgroup.com
        1201 Shepherd Drive
        Houston, Texas 77007
        (713) 227-4747- Telephone
        (713) 621-5900 – Fax

17

## <u>CERTIFICATE OF SERVICE</u>

  I certify that a true and correct copy of the above and foregoing instrument has been served on the following known counsel of record pursuant to the Texas Rules of Civil Procedure, on August 16, 2019, to the following counsel of record:

Kristin C. Cummings
kcummings@zelle.com
Lindsey P. Bruning
lbruning@zelle.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Facsimile: 214-760-8994

Anthony Miller
AMiller@gpm-law.com
James Erdle
JErdle@gpm-law.com
Joe Zopolsky
JZopolsky@gpm-law.com
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Facsimile: 972.419.8329

        */s/ Daniel P. Barton*
        Daniel P. Barton

18

# EXHIBIT B5

**DEFENDANT ENDURANCE'S ORIGINAL ANSWER**

9/6/2019 5:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36607891
By: Lewis John-Miller
Filed: 9/6/2019 5:21 PM

## CAUSE NO. 2019-04625

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT LLC AND 2015 SHOPPING MALL BUSINESS, LLC AK/A PLAZA PASEO, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| vs. | § § | 11TH JUDICIAL DISTRICT |
| UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCIATES, LLC, and JOHN MILLER, | § § § § § § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### DEFENDANT ENDURANCE AMERICAN SPECIALTY COMPANY'S ORIGINAL ANSWER

Defendant Endurance American Specialty Company ("**Endurance**") files this, its Original Answer, and would respectfully show the following:

### I.

### GENERAL DENIAL

1.     Endurance, in accordance with Rule 92 of the Texas Rules of Civil Procedure, denies generally each and every allegation in Plaintiff's Second Amended Petition and demands strict proof thereof.

### II.

### AFFIRMATIVE DEFENSES

2.     Plaintiffs' Second Amended Petition fails to state a claim against Defendants upon which relief can be granted.

3.     Plaintiffs' claims are subject to all terms, conditions, limitations, and exclusions contained in the applicable policy number ESP30000290600 and any endorsements attached

thereto (the "**Policy**").  The Policy speaks for itself and is the best evidence of any coverage it provides.

4.      Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.  More specifically, Plaintiffs' claims are barred because of the admitted age of the roof in question, and Plaintiffs' failures and/or the failures of their predecessors-in-interest to maintain properly the roof in a state of good repair.

5.      Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs was not caused by (or did not result from) a covered cause of loss as required by the Policy.

6.      Plaintiffs' claims are barred, in whole or in part to the extent the damage claimed by Plaintiff was caused by an excluded cause of loss under the terms of the Policy.

7.      Plaintiffs' claims are barred, in whole or in part, by the Policy's exclusion(s) and/or limited coverage for categories of damage, *e.g.*, to the interior of any building or structure, or to personal property.

8.      Plaintiffs' claims are otherwise barred, in whole or in part, by the Policy's terms, conditions, and limitations, and again, the Policy speaks for itself.

9.      A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy.  Endurance and their employees, agents, representatives, and adjusters are entitled to value claims differently from its policyholders without facing bad faith or extra-contractual liability.  Defendants would show that a bona fide controversy exists regarding the scope of any alleged covered loss.

10.      Plaintiff's claims are barred in whole or in part because conditions precedent to

potentially trigger any obligation or duty under the terms of the Endurance policy have not been met including, without limitation, the requirement of exhaustion of the underlying primary limits.

11.     Plaintiffs' claims of bad faith or other misdeeds or failures under the Insurance Code or otherwise as against all "Defendants" in the conjunctive do not apply to Endurance which, as an excess carrier, had little or no knowledge regarding the handling of the claim prior to 2019, and Endurance was not involved with the claims-handling process until the filing of this lawsuit.

12.     To the extent Plaintiffs have asserted claims against Defendants under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153 and Defendants are entitled to recover its court costs and reasonable and necessary attorneys' fees because any such claims under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment.

13.     Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to adhere to the terms and requirements, including but not limited to notice provisions, set out in the Texas Insurance Code.

14.     Defendants further reserve the right to assert additional affirmative defenses as this litigation proceeds.

## **PRAYER**

8.     For these reasons, Defendant Endurance American Specialty Company asks this Court to dismiss it from the instant suit and/or enter judgment that Plaintiffs take nothing from Endurance, that Endurance be awarded its costs and fees, and that Defendant be awarded such other and further relief to which it is entitled.

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C.**

BY:     /s/ Joseph D. Zopolsky

       Joseph D. Zopolsky
       State Bar No. 24033500
       James C. Erdle, Jr.
       State Bar No. 24069680
       Teresa Bohne-Huddleston
       State Bar No. 02565060
       Anthony P. Miller
       State Bar No. 24041484

       14801 Quorum Drive, Suite 500
       Dallas, Texas 75254-1449
       972.419.8300
       972.419.8329 facsimile
       jzopolsky@gpm-law.com
       jerdle@gpm-law.com
       thuddleston@gpm-law.com
       amiller@gpm-law.com

       COUNSEL FOR DEFENDANT
       ENDURANCE AMERICAN SPECIALTY
       COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was served upon all counsel of record in the above-captioned cause, pursuant to Tex. R. Civ. P. 21a on September 6, 2019 by:

Hand Delivery:
Electronic Service/Email:     XX
Fax Transmittal:

       /s/ Joseph D. Zopolsky
       Joseph D. Zopolsky

# EXHIBIT B6

**DEFENDANT SIRIUS INTERNATIONAL'S ORIGINAL ANSWER**

9/27/2019 10:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37183596
By: Lewis John-Miller
Filed: 9/27/2019 10:09 AM

CAUSE NO. 2019-04625

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT LLC AND 2015 SHOPPING MALL BUSINESS, LLC AK/A PLAZA PASEO | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | 11TH JUDICIAL DISTRICT |
| UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCIATES, LLC, and JOHN MILLER, | § § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § | |

## DEFENDANT SIRIUS INTERNATIONAL INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant Sirius International Insurance Company ("Sirius") files its Original Answer as follows:

## GENERAL DENIAL

1.     Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Sirius generally denies each and every allegation contained in Plaintiffs' Second Amended Petition, and demands strict proof thereof by a preponderance of the evidence.

## AFFIRMATIVE DEFENSES

2.     Pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Sirius sets forth the following Affirmative Defenses:

**First Affirmative Defense**

3.     Plaintiffs' Second Amended Petition fails to state a claim against Sirius upon which relief can be granted.

**Second Affirmative Defense**

4.      Plaintiffs' claims are subject to all terms, conditions, limitations, and exclusions contained in policy number B1263EW0000217 and any endorsements attached thereto issued to Plaintiffs for the policy period April 1, 2017 to April 1, 2018 (the "Policy").  The Policy speaks for itself and is the best evidence of any coverage it provides.

**Third Affirmative Defense**

5.      Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period (April 1, 2017 to April 1, 2018).

**Fourth Affirmative Defense**

6.      Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs was not caused by (or did not result from) a covered cause of loss as required by the Policy.

**Fifth Affirmative Defense**

7.      Plaintiffs' claims are barred, in whole or in part to the extent the damage claimed by Plaintiff was caused by an excluded cause of loss, including but not limited to, "wear and tear," "rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself," "settling, cracking, shrinking or expansion," "continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more," "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss," "faulty, inadequate or defective…design, specifications, workmanship,

repair, construction, renovation, remodeling grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance."

**Sixth Affirmative Defense**

8.      Plaintiffs' claims are barred, in whole or in part, by the Policy's exclusion(s) and/or limited coverage for damage to the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not unless the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters.

**Seventh Affirmative Defense**

9.      Plaintiffs' claims are barred, in whole or in part, by the Policy's terms, conditions, and limitations for Ordinance or Law coverage, which states:

> The Coverage(s) provided by this endorsement apply only if both **B.1.** and **B.2.** are satisfied and are then subject to the qualifications set forth in **B.3.**
>
> **1.** The ordinance or law:
>
> > **a.** Regulates the demolition, construction or repair of buildings, or establishes zoning or land use requirements at the described premises; and
> >
> > **b.** Is in force at the time of loss.
>
> But coverage under this endorsement applies only in response to the minimum requirements of the ordinance or law. Losses and costs incurred in complying with recommended actions or standards that exceed actual requirements are not covered under this endorsement.
>
> **2. a.** The building sustains direct physical damage that is covered under this policy and such damage results in enforcement of the ordinance or law; or
>
> > **b.** The building sustains both direct physical damage that is covered under this policy and direct physical damage that is not covered under this policy, and the building damage in its entirety results in

enforcement of the ordinance or law.

   **c.**  But if the building sustains direct physical damage that is not covered under this policy, and such damage is the subject of the ordinance or law, then there is no coverage under this endorsement even if the building has also sustained covered direct physical damage.

* * *

**<u>Eighth Affirmative Defense</u>**

   10.    Plaintiffs' claims are barred in whole or in part by the Policy's Special Terms and Conditions for Roofs, Roofing Systems or Roof Coverings endorsement, which includes the following provisions:

In the event of direct physical loss or damage to any and all roofs, roof coverings, or roofing systems as insured against by this Policy as Covered Property, the Policy provisions are hereby superseded by the following:

A. Valuation

1. Actual Cash Value

   a.  Roofs, roof coverings or roofing systems shall be valued at Actual Cash Value, as defined in this endorsement, at the time and place of loss or damage.

2. Optional Coverage - Replacement Cost

   a.  If shown as applicable in the Declarations, Replacement Cost (as defined in this endorsement) replaces Actual Cash Value in the Valuation condition of this endorsement for roofs, roof coverings or roofing systems which are of fifteen (15) years or less in age, but only in the event that we have been provided with historical documentation which verifies and confirms the age of the roofs, roof coverings and roofing systems involved in the loss to be eligible in accordance with this Optional Coverage — Replacement Cost provision.

   b.  You may make a claim for loss or damage covered by this insurance on an Actual Cash Value basis instead of on a Replacement Cost basis. In the event you elect to have loss or damage settled on an Actual Cash Value basis, you may still make a claim for the additional coverage this Optional Coverage — Replacement Cost provides if you notify us of your intent to do so within 180 days after the loss or damage.

---

   c.  We will not pay on a Replacement Cost basis for any loss or damage:

      i.   Until the lost or damaged property is actually repaired or replaced; and

     ii.   Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

   d.  We will not pay more for loss or damage on a Replacement Cost basis than the least of i, ii or iii, subject to e. below:

      i.   The Limit of Insurance applicable to the lost or damaged property;

     ii.   The cost to replace the lost or damaged property with other property:

        (a).   Of comparable material and quality; and

        (b).   Used for the same purpose; or

     iii.   The amount actually spent that is necessary to repair or replace the lost or damaged property.

   e.  The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

B. Exclusions

1. Types of Loss or Damage

We will not pay for the following types of loss or damage:

   a. Cosmetic Damage[1] or other damage that does not reduce the functionality of the roof, roof covering or roofing system.

   b.  Aesthetic or visual damage.

   c.  Uniformity or matching.

2. Ordinance Or Law

We will not pay for any increased cost of construction loss or any increased costs incurred to comply with the enforcement of any ordinance or law which may arise in the course of repairing, rebuilding or replacement of damaged

---

[1]   "Cosmetic Damage" means all loss or damage which does not result in a loss of expected long-term life or a reduction in water shedding ability. Policy, Special Terms and Conditions for Roofs, Roofing Systems or Roof Coverings, Part C.

roofs, roof coverings or roofing systems. Notwithstanding the foregoing, in the event such lost or damaged roof, roof covering or roofing system is Covered Property and is eligible to be valued at Replacement Cost as outlined in A.2. above, we will pay for the increased cost of construction loss or the necessary increased costs incurred to comply with the enforcement of any ordinance or law which may arise in the course of repairing, rebuilding or replacement of such roof, roof covering or roofing system in accordance with the terms and conditions of the Increased Cost of Construction provision of this Policy, subject to the limit(s) of liability provided in the Building or Personal Property Coverage Form or the Ordinance or Law Coverage Endorsement (if attached to this policy), whichever is greater.

This Ordinance Or Law provision shall not cover any loss due to any law or ordinance with which you were required to comply with prior to the loss, nor shall this provision increase any amounts or limits of insurance provided by this Policy.

All other policy provisions relating to coverage for increased cost of construction due to enforcement of law or ordinance will remain unchanged

3. Undamaged Property

    a. We will not pay for repair or replacement of undamaged property.

4. Property Not Covered

For the purposes of this endorsement, Covered Property does not include:

a. Roofs, roof coverings, or roofing systems greater in age than 30 years on the date coverage under this policy began.

b. Roofs, roof coverings, or roofing systems with loss or direct physical damage that was the subject of prior insurance claims, under this Policy or any other policy with any insurer, which has not been repaired or replaced in a manner consistent with the settlement of that claim.

* * *

## Ninth Affirmative Defense

11.     A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy. Sirius and its employees, agents, representatives, and adjusters are entitled to value claims differently from its policyholders without facing bad faith or extra-

contractual liability. Sirius would show that a bona fide controversy exists regarding the scope of any alleged covered loss.

**Tenth Affirmative Defense**

12.     To the extent Plaintiffs have asserted claims against Sirius under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153 and Sirius is entitled to recover its court costs and reasonable and necessary attorneys' fees because any such claims under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment.

**Eleventh Affirmative Defense**

13.     Sirius further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Sirius International Insurance Company prays that upon final judgment all relief requested by Plaintiffs be denied, that all costs be taxed against Plaintiffs, and for such other and further relief to which it may be justly entitled, whether at law or in equity.

Respectfully submitted,

**ZELLE LLP**

By: _____ */s/ Kristin C. Cummings* _____
        Kristin C. Cummings
        Texas Bar No. 24049828
        kcummings@zelle.com
        Lindsey P. Bruning
        Texas Bar No. 24064967
        lbruning@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:  214-742-3000
Facsimile:  214-760-8994

**ATTORNEYS FOR DEFENDANTS UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, SIRIUS INTERNATIONAL INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, LLC, AND JOHN MILLER**

## CERTIFICATE OF SERVICE

On this 27th day of September 2019, I served a true and correct copy of **DEFENDANT SIRIUS INTERNATIONAL INSURANCE COMPANY'S ORIGINAL ANSWER** upon all known counsel of record pursuant to the TEXAS RULES OF CIVIL PROCEDURE, addressed as follows:

Daniel P. Barton
dbarton@bartonlawgroup.com
Matthew J. Worrall
mworrall@bartonlawgroup.com
**BARTON LAW FIRM**
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax
***Counsel for Plaintiffs***

Joseph D. Zopolsky
jzopolsky@gpm-law.com
James C. Erdle, Jr.
jerdle@gpm-law.com
Teresa Bohne-Huddleston
thuddleston@gpm-law.com
Anthony P. Miller
amiller@gpm-law.com
**GLAST, PHILLIPS & MURRAY, P.C.**
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
(972) 419.8300-Telephone
(972) 419.8329-Fax
***Counsel for Defendant Endurance American Specialty Company***

_____*/s/ Kristin C. Cummings*_____
Kristin C. Cummings

# EXHIBIT B7

**DEFENDANT COLONY'S ORIGINAL ANSWER**

10/4/2019 12:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37390839
By: Anais Aguirre
Filed: 10/4/2019 12:10 PM

## CAUSE NO. 2019-04625

| | | |
|---|---|---|
| **GUARDIAN EQUITY MANAGEMENT, LLC AND 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO** | § § § § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **11TH JUDICIAL DISTRICT** |
| **UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCIATES, LLC, AND JOHN MILLER** | § § § § § § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANT COLONY INSURANCE COMPANY'S
## ANSWER TO PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE COURT:

Defendant, Colony Insurance Company, files this Original Answer as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Colony generally denies each and every, all and singular, the allegations contained within Plaintiffs' Second Amended Petition, and demands strict proof there on by a preponderance of the credible evidence in accordance with the Constitution and the laws of the State of Texas.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Colony Insurance Company prays that Plaintiffs take nothing by this suit and that Defendant Colony Insurance Company goes hence with its costs, without delay.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100
(214) 665-0199 (fax)

**ATTORNEYS FOR DEFENDANT**
**COLONY INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on the 4th day of October, 2019, the foregoing document was served on all counsel of record through its electronic filing system pursuant to Texas Rules of Civil Procedure.

*/s/ Stephen A. Melendi*
Stephen A. Melendi

# EXHIBIT B8

**DEFENDANT ENDURANCE'S ORIGINAL COUNTER-PETITION
FOR DECLARATORY JUDGMENT**

Marilyn Burgess - District Clerk Harris County
Envelope No. 42344657
By: Lewis John-Miller
Filed: 4/16/2020 9:28 AM

CAUSE NO. 2019-04625

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT LLC AND 2015 SHOPPING MALL BUSINESS, LLC AK/A PLAZA PASEO, | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § § | 11TH JUDICIAL DISTRICT |
| UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCIATES, LLC, and JOHN MILLER, | § § § § § § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### DEFENDANT ENDURANCE AMERICAN SPECIALTY COMPANY'S ORIGINAL COUNTER-PETITION FOR DECLARATORY JUDGMENT

Defendant Endurance American Specialty Company ("**Endurance**") files this, its Original Counter-Petition for Declaratory Judgment against Counter-Defendants Guardian Equity Management LLC and 2015 Shopping Mall Business, LLC a/k/a Plaza Paseo (together, "**Guardian**" or the "**Guardian Entities**"), and would respectfully show the following:

### DISCOVERY CONTROL PLAN

1.      Endurance intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2.      Endurance seeks monetary relief in the form of its reasonable and necessary costs and attorney's fees, and anticipates that these will be more than $100,000, but less than $200,000.   For this reason, and because the Guardian Entities seek damages in excess of $1,000,000, this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

---

## PARTIES

3.     Both Counter-Plaintiff Endurance and Counter-Defendants the Guardian Entities are already Parties to this suit and have made appearances.  None of the other defendants are intended to be parties to this Counter-Petition.

## JURISDICTION

4.     This Court has jurisdiction over this claim under TEX. CIV. PRAC. & REM. CODE § 37.001, *et al*.

## VENUE

5.     Venue is proper in this Court under at least TEX. CIV. PRAC. & REM. CODE § 15.062.

## CONDITIONS PRECEDENT

6.     All conditions precedent to Counter-Petitioner's claims for relief have been performed or have occurred.

## FACTS

7.     Per the allegations in its Second Amended Petition, Guardian owns and operates the Plaza Paseo Mall located at 171 Pasadena Town Square Mall, Pasadena Texas 77506 (the "**Mall**").  Guardian alleges that the Mall was damaged during Hurricane Harvey in late summer 2017 by the storm's "extreme winds, hail, and rain."

8.     On or about September 1, 2017, Guardian made a claim against Defendant Underwriters at Lloyds London ("**Underwriters**") for coverage under Underwriters Policy Number B1263EW0000217, with a policy period of April 1, 2017 to April 1, 2018, and stated limits of underlying insurance of $5 million (the "**Primary Policy**").

9.      After investigation, Underwriters denied the claim.   Guardian then filed this lawsuit against Underwriters in January 2019.   Endurance was added as a defendant to this lawsuit in July 2019.

10.      Endurance issued Policy Number ESP30000290600 to Guardian with a policy period of April 1, 2017 to April 1, 2018 and limits of $5 million per occurrence excess of $5 million per occurrence (the "**Endurance Excess Policy**").   The Endurance Excess Policy is expressly written as excess above the Primary Policy.

11.      The Guardian Entities are proper parties to this Counter-Petition for two reasons. First, under the Primary Policy, the named insured is:

> Guardian Equity Management, LLC and its affiliated, subsidiary, and associated companies and/or corporations and the insured's interest in partnerships and joint ventures as now exist or may hereafter be constituted or acquired and any party in interest which the insured is responsible to insure.[1]

12.      A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy.   Endurance and their employees, agents, representatives, and adjusters are entitled to value claims differently from its policyholders without facing bad faith or extra-contractual liability.   Defendants would show that a bona fide controversy exists regarding the scope of any alleged covered loss.

13.      To the extent Plaintiffs have asserted claims against Defendants under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153 and Defendants are entitled to recover its court costs and reasonable and necessary attorneys' fees because any such claims under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment.

---

[1] Policy at 4.

<u>**COUNT 1 – SUIT FOR DECLARATORY RELIEF**</u>

14.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Endurance re-alleges and fully incorporates by reference each of the preceding paragraphs.

Endurance seeks a declaration from this Court under the terms and provisions of the Endurance Excess Policy as follows:

a.      There is no coverage for the damage to the roof because the roof is excluded;

b.      In the alternative, if coverage for the roof exists, it is limited to actual cash value; and

c.      The prior payment made by Underwriters does not exhaust the limits as required by the maintenance of underlying insurance limits provision and other terms governing coverage under the Endurance Excess Policy.

**A.      The Roof Is Excluded from Coverage.**

15.     The Endurance Excess Policy expressly provides in the insuring agreement that it follows the terms and conditions of the Primary Policy except to the extent that the Endurance Excess Policy contains materially different terms or conditions:

**I.      INSURING AGREEMENT**

The insurance provided by this policy will follow form and be subject to the same terms and conditions as the "primary policy" listed in the SCHEDULE OF PRIMARY POLICY(IES) ENDORSEMENT, except for the premium, the limits of liability, and to the extent that the terms, conditions, provisions, definitions, endorsements and exclusions of this policy differ from the "primary policy." *In the event of conflict between this policy and the "primary policy", the terms, conditions, provisions, definitions, and exclusions of this policy shall control.*[2]

16.     With respect to the existence and scope of coverage for the roof, there are no different terms under the Endurance Excess Policy.  Therefore, the Endurance Excess Policy follows form to the Primary Policy on this issue.

---

[2] *See* Endurance Excess Policy, ECP 0223 0516 at 1 (emphasis added).

17.     The Primary Policy includes a specific Endorsement that trumps other policy provisions with respect to the scope of coverage for "roofs, roofing systems or roof coverings." This Endorsement includes the following express exclusion:

**SPECIAL TERMS AND CONDITIONS FOR ROOFS,
ROOFING SYSTEMS OR ROOF COVERINGS**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the Policy as [f]ollows:

In the event of direct physical loss or damage to any and all roofs, roof coverings, or roofing systems as insured against by this Policy as Covered Property, the Policy provisions are hereby superseded by the following:

In the event of direct physical loss or damage caused by or resulting from wind or hail, the following terms and conditions will apply to all roofs, roof systems and roof coverings.

* * *

4.      Property Not Covered

For the purposes of this endorsement, *Covered Property does not include*:

  a.      *Roofs, roof coverings, or roofing systems greater in age than 30 years on the date coverage under this policy began.*[3]

18.     The above exclusion expressly provides that if the "roof, roof coverings, or roofing systems" were more than 30 years old on the date of policy inception, there is no coverage for the roof, roof coverings, or roofing systems.

19.     In a report prepared for Co-Defendant Underwriters by Nelson Forensics[4] (the "**Nelson Report**"), Nelson Forensics representatives recorded a conversation that took place during Nelson's investigation of the Mall roof on or about March 4 or 5, 2019 in which mall

---

[3] *See* Primary Policy, SPECIAL TERMS AND CONDITIONS FOR ROOFS, ROOFING SYSTEMS OR ROOF COVERINGS Endorsement, at 1-2 (emphasis added).

[4] Hurricane Harvey Damage Evaluation, Project File No. 25267, dated April 5, 2019.

employee "Dante" in which this individual reported that the roof surfaces on the Mall were original, *i.e.*, had not been replaced since the Mall's construction in 1981.[5]  Endurance's own analysis indicated that the roof is quite old and has been poorly maintained.  Based on the above policy language, Endurance is entitled to judgment that there is no coverage under the Endurance Policy for "direct physical loss or damage to any and all roofs, roof coverings, or roofing systems" of the Mall.

**B.   Alternatively, Coverage for the Roof Is Limited to Actual Cash Value.**

20.    In the alternative, the above-quoted Endorsement also includes the following express provisions:

> 2.    Optional Coverage - Replacement Cost
>
> a.    If shown as applicable in the Declarations, Replacement Cost (as defined in this endorsement) replaces Actual Cash Value in the Valuation condition of this endorsement for roofs, roof coverings or roofing systems which are of *fifteen (15) years or less in age, but only in the event that we have been provided with historical documentation which verifies and confirms the age of the roofs, roof coverings and roofing systems involved in the loss to be eligible in accordance with this Optional Coverage — Replacement Cost provision,*[6]

21.    The above valuation provision expressly provides that if expressed on the declarations page, replacement cost may be the applicable valuation if the "roof, roof coverings or roofing systems," but only if they are "fifteen (15) years or less in age."  There appears to be little doubt that the roof is original, but it is certainly not less than fifteen years of age.  Thus, at the very most, Guardian is limited to recovery of the ACV of the roof.

---

[5] *See* Nelson Report at 1, 5.

[6] *See* Primary Policy, SPECIAL TERMS AND CONDITIONS FOR ROOFS, ROOFING SYSTEMS OR ROOF COVERINGS Endorsement at 1 (emphasis added).

**C.**     **Prior Payment by Underwriters Does Not Exhaust Underlying Limits.**

22.     And, as quoted above, the Endurance Excess Policy insuring agreement makes clear that it is a follow form policy except that any term is different from the underlying primary policy and, in such event, the differing terms of the Endurance Excess Policy control.

23.     The Primary Policy Declarations Page expresses that "flood" is a covered cause of loss:

### SECTION I – RISK DETAILS

TYPE:          Risks of Direct Physical Loss or Damage Including *Flood*, Earthquake and Boiler and Machinery

*See* Primary Policy, Risk Details, at 1 (emphasis added).

24.     "Flood" is expressly excluded under the Endurance Excess Policy Declarations Page:

**DESCRIPTION OF PERILS INSURED:**

All Risks of Direct Physical Loss or Damage excluding Equipment Breakdown, *Flood*, Earth Movement, and Earth Movement Sprinkler Leakage as per Policy Form, Endorsements and Exclusions attached.

*See* Endurance Excess Policy, Property Declarations Page, ECP 0001 0416, at 1 (emphasis added).

25.     This is a distinction with a material difference in this case to the extent that Underwriters' prior payment of $2.8 million for the Vista Del Sol property was made solely on the basis of the covered cause of loss of "flood."

26.     Additional terms and conditions in the Endurance Excess Policy further clarify that only losses that are covered under the terms and provisions of the Endurance Excess Policy serve to reduce the underlying primary limits.  Because "flood" is expressly not a covered cause of loss under the Endurance Excess Policy, the prior payment of $2.8 million for "flood" does

not deplete the underlying limits.

**D.      Endurance Is Entitled to Recover Its Attorney's Fees.**

27.      Endurance is entitled to recover reasonable and necessary attorney fees under at least TEX. CIV. PRAC. & REM. CODE § 37.009.

## OBJECTION TO ASSOCIATE JUDGE

28.      Counter-Petitioner objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

29.      For these reasons, Defendant Endurance American Specialty Company asks this Court to dismiss it from the instant suit and/or enter judgment that Plaintiffs take nothing from Endurance, that Endurance be awarded its costs and fees, and that Empire be awarded any other and further relief to which it may be entitled.

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C.**

BY:    /s/ Joseph D. Zopolsky

       Joseph D. Zopolsky
       State Bar No. 24033500
       James C. Erdle, Jr.
       State Bar No. 24069680
       Anthony P. Miller
       State Bar No. 24041484

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com
jerdle@gpm-law.com
amiller@gpm-law.com

COUNSEL FOR DEFENDANT
ENDURANCE AMERICAN SPECIALTY
COMPANY

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was served upon all counsel of record in the above-captioned cause, pursuant to TEX. R. CIV. P. 21a on April 16, 2020 by:

Hand Delivery:          _____
Electronic Service/Email:       __XX_____
Fax Transmittal:         _____

        /s/ Joseph D. Zopolsky
        Joseph D. Zopolsky

# EXHIBIT C1

**DOCKET CONTROL ORDER SIGNED BY STATE COURT**

Case No.  201904625

GUARDIAN EQUITY MANAGEMENT LLC

vs.

UNDERWRITERS AT LLOYDS LONDON

\*
\*
\*
\*
\*

**DCORX**

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

11th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1.           **JOINDER.**  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.           **EXPERT WITNESS DESIGNATION.**  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **05/24/20**   Experts for parties seeking affirmative relief.
(b) **06/23/20**   All other experts.

3.           **STATUS CONFERENCE.**   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.           **DISCOVERY LIMITATIONS.**  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)           Total hours per side for oral depositions.
(b)           Number of interrogatories that may be served by each party on any other party.

5.           **ALTERNATIVE DISPUTE RESOLUTION.**
(a) **07/21/20**   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) **09/07/20**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **08/22/20**   **DISCOVERY PERIOD ENDS.**    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.           **DISPOSITIVE MOTIONS AND PLEAS.**  Must be heard by oral hearing or submission.
(a) **08/24/20**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **08/24/20**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)           Rule 166a(i) motions may not be heard before this date.

8. **08/24/20**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9.           **PLEADINGS**.   All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:                  Failure to appear will be grounds for dismissal for want of prosecution.

11. **09/21/20**      **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

KRISTEN BRAUCHLE HAWKINS
Judge, 11TH DISTRICT COURT
Date Generated 10/24/2019

DANIEL PATRICK BARTON
1201 SHEPHERD DR
HOUSTON TX 77007-5429

1        789774

JCVO02
rev.11202006

Case No. 201904625

**DCORX**

| GUARDIAN EQUITY MANAGEMENT LLC | * | IN THE DISTRICT COURT OF |
| | * | |
| vs. | * | HARRIS COUNTY, TEXAS |
| | * | |
| UNDERWRITERS AT LLOYDS LONDON | * | 11th JUDICIAL DISTRICT |

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1.      **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.      **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
(a) **05/24/20** Experts for parties seeking affirmative relief.
(b) **06/23/20** All other experts.

3.      **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.      **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)     Total hours per side for oral depositions.
(b)     Number of interrogatories that may be served by each party on any other party.

5.      **ALTERNATIVE DISPUTE RESOLUTION.**
(a) **07/21/20** By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
(b) **09/07/20** ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **08/22/20**     **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.      **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
(a) **08/24/20** If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **08/24/20** Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)     Rule 166a(i) motions may not be heard before this date.

8. **08/24/20**     **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9.      **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:            Failure to appear will be grounds for dismissal for want of prosecution.

11. **09/21/20**     **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

JOSEPH DAVID ZOPOLSKY
14801 QUORUM DR STE 500
DALLAS TX 75254-1449

4        24033500

*Kristen Hawkins*

KRISTEN BRAUCHLE HAWKINS
Judge, 11TH DISTRICT COURT
Date Generated 10/24/2019

JCVO02
rev.11202006

Case No.  201904625

**DCORX**

GUARDIAN EQUITY MANAGEMENT LLC

vs.

UNDERWRITERS AT LLOYDS LONDON

\* \* \* \* \*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

11th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2. **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
   (a) **05/24/20**    Experts for parties seeking affirmative relief.
   (b) **06/23/20**    All other experts.

3. **STATUS CONFERENCE**.    Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
   Failure to appear will be grounds for dismissal for want of prosecution.

4. **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)    Total hours per side for oral depositions.
   (b)    Number of interrogatories that may be served by each party on any other party.

5. **ALTERNATIVE DISPUTE RESOLUTION.**
   (a) **07/21/20**    By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
   (b) **09/07/20**    ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **08/22/20**    **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7. **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
   (a) **08/24/20**    If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **08/24/20**    Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c)    Rule 166a(i) motions may not be heard before this date.

8. **08/24/20**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **PLEADINGS**.    All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.    Parties shall be prepared to discuss all aspects of trial with the court on this date.
    TIME:            Failure to appear will be grounds for dismissal for want of prosecution.

11. **09/21/20**    **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

STEPHEN ANDREW MELENDI
2811 MCKINNEY AVE STE 250
DALLAS TX 75204-8545

4        24041468

KRISTEN BRAUCHLE HAWKINS
Judge, 11TH DISTRICT COURT
Date Generated 10/24/2019

Certified Document Number: 87860626 - Page 3 of 3

JCVO02
rev.11202006



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 2, 2020

Certified Document Number:        87860626 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT C2

**ORDER OF DISMISSAL WITH PREJUDICE
SIGNED BY STATE COURT**

5/19/2020 3:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43093755
By: Lewis John-Miller
Filed: 5/19/2020 3:43 PM

CAUSE NO. 2019-04625

| | | |
|---|---|---|
| GUARDIAN EQUITY MANAGEMENT LLC AND 2015 SHOPPING MALL BUSINESS, LLC AK/A PLAZA PASEO | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| vs. | § § | 11TH JUDICIAL DISTRICT |
| UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NUMBER B1263EW0000217, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, COLONY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, LLC, and JOHN MILLER, | § § § § § § § § § § | |
| Defendants. | § § | HARRIS COUNTY, TEXAS |

## <u>ORDER GRANTING AGREED MOTION TO DISMISS WITH PREJUDICE</u>

Plaintiff and Defendants Underwriters at Lloyd's London, Subscribing to Policy Number B1263EW0000217, Sirius International Insurance Company, Engle Martin & Associates, LLC, and John Miller jointly moved to dismiss this action in its entirety with prejudice, each party bearing its own costs. After considering the Motion, this Court is of the opinion that the Motion should be, in all things, **GRANTED**.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's claims against Defendants Underwriters at Lloyd's London, Subscribing to Policy Number B1263EW0000217, Sirius International Insurance Company, Engle Martin & Associates, LLC, and John Miller are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all costs of Court and attorneys' fees shall be taxed to the party incurring same.

Certified Document Number: 90698426 - Page 1 of 2

**SIGNED** this _____ day of _____ 2020.

Signed:
5/22/2020

_____
JUDGE PRESIDING

**ORDER GRANTING AGREED MOTION TO DISMISS WITH PREJUDICE**   **Page 2**

4814-8624-0188v1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 2, 2020


Certified Document Number:        90698426 Total Pages:  2


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT D

**STATE COURT DOCKET SHEETS**

**HCDistrictclerk.com**    GUARDIAN EQUITY MANAGEMENT LLC vs. UNDERWRITERS AT    6/5/2020
LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER

Cause: 201904625    CDI: 7    Court: 011

**JUDGMENT/EVENTS**

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 5/22/2020 | PARTIAL DISMISSAL ON AGREEMENT OF PARTIES | 5/22/2020 | | 2 | | | |
| 10/29/2019 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 10/29/2019 | | 3 | | | |
| 10/24/2019 | DESIGNATED TRIAL READY | | | 0 | | | |
| 10/4/2019 | ANSWER SECOND AMENDED ORIGINAL PETITION | | | 0 | | MELENDI, STEPHEN ANDREW | COLONY INSURANCE COMPANY |
| 9/27/2019 | ANSWER ORIGINAL PETITION | | | 0 | | CUMMINGS, KRISTIN LEIGH CHAPPELL | SIRIUS INTERNATIONAL INSURANCE CORPORATION |
| 9/6/2019 | ANSWER ORIGINAL PETITION | | | 0 | | ZOPOLSKY, JOSEPH DAVID | ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY |
| 8/16/2019 | SECOND AMENDED ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | STONE LEGACY GROUP LLC |
| 8/16/2019 | SECOND AMENDED ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | GUARDIAN EQUITY MANAGEMENT LLC |
| 8/16/2019 | SECOND AMENDED ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | 2015 SHOPPING MALL BUSINESS LLC (A/KA PLAZA PASEO) |
| 8/16/2019 | SECOND AMENDED ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | PLAZA PASEO |
| 7/26/2019 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | 2015 SHOPPING MALL BUSINESS LLC (A/KA PLAZA PASEO) |
| 7/26/2019 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | GUARDIAN EQUITY MANAGEMENT LLC |
| 7/26/2019 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | PLAZA PASEO |
| 5/10/2019 | ANSWER ORIGINAL PETITION | | | 0 | | CUMMINGS, KRISTIN LEIGH CHAPPELL | UNDERWRITERS AT LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER |
| 1/18/2019 | ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | 2015 SHOPPING MALL BUSINESS LLC (A/KA PLAZA PASEO) |
| 1/18/2019 | ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | PLAZA PASEO |
| 1/18/2019 | ORIGINAL PETITION | | | 0 | | BARTON, DANIEL PATRICK | GUARDIAN EQUITY MANAGEMENT LLC |
| 1/18/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |

**HCDistrictclerk.com**   GUARDIAN EQUITY MANAGEMENT LLC vs. UNDERWRITERS AT   6/5/2020
LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER
Cause: 201904625          CDI: 7          Court: 011

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (SECRETARY OF STATE NON-RESIDENT) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | | 1/18/2019 | 1/22/2019 | 4/16/2019 | | | 73583935 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | | 1/18/2019 | 1/22/2019 | 4/16/2019 | | | 73583938 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | | 1/18/2019 | 1/22/2019 | | | | 73583941 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| CITATION | SERVICE RETURN/EXECUTED | AMENDED ORIGINAL PETITION | ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY BY SERVING ITS | 7/26/2019 | 7/30/2019 | 9/12/2019 | | | 73651415 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | | | 1999 BRYAN ST STE 900 DALLAS TX 75201 | | | | | | | |
| CITATION (INSURANCE COMMISSION) | SERVICE RETURN/EXECUTED | AMENDED ORIGINAL PETITION | | 7/26/2019 | 7/30/2019 | 9/4/2019 | | | 73651420 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | | | 750 LEXINGTON AVENUE FLOOR 6 NEW YORK NY 10022 | | | | | | | |
| CITATION (INSURANCE COMMISSION) | SERVICE RETURN/EXECUTED | AMENDED ORIGINAL PETITION | COLONY INSURANCE COMPANY BY SERVING THE TEXAS DEPARTMENT OF | 7/26/2019 | 7/30/2019 | 9/4/2019 | | | 73651423 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | | | P O BOX 469012 SAN ANTONIO TX 78246 | | | | | | | |
| CITATION (INSURANCE COMMISSION) | SERVICE RETURN/EXECUTED | AMENDED ORIGINAL PETITION | SIRIUS INTERNATIONAL INSURANCE CORPORATION BY SERVING THE TEXAS | 8/16/2019 | 8/20/2019 | 9/11/2019 | | | 73659248 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | | | 555 CALIFORNIA STREET SUITE 1700 SAN FRANCISCO CA 94104 | | | | | | | |
| CITATION (INSURANCE COMMISSION) | SERVICE RETURN/EXECUTED | AMENDED ORIGINAL PETITION | COLONY INSURANCE COMPANY BY SERVING THE TEXAS DEPARTMENT OF | 8/16/2019 | 8/20/2019 | 9/11/2019 | | | 73659252 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | | | P O BOX 469011 SAN ANTONIO TX 78246 | | | | | | | |

## Notices

| Notice Date | Activity Date | Description | Connection To Case | Name | Address | Phone |
|---|---|---|---|---|---|---|
| 10/31/2019 | 10/29/2019 | | 0 | MELENDI, STEPHEN | 2811 MCKINNEY #, | 214-665-0100 |

| | | | | | |
|---|---|---|---|---|---|
| | | | ANDREW | DALLAS, TX 75204 | |
| 10/31/2019 | 10/29/2019 | 0 | CUMMINGS, KRISTIN LEIGH CHAPPELL | | |
| 10/31/2019 | 10/29/2019 | 0 | ZOPOLSKY, JOSEPH DAVID | 14801 QUORUM DRI, DALLAS, TX 75254 | 972-419-8300 |
| 10/31/2019 | 10/29/2019 | 0 | BARTON, DANIEL PATRICK | 1201 SHEPHERD D, HOUSTON, TX 77007 | 713-227-4747 |
| 5/28/2020 | 5/22/2020 | 0 | UNDERWRITERS AT LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER | | |
| 5/28/2020 | 5/22/2020 | 0 | MELENDI, STEPHEN ANDREW | 2811 MCKINNEY #, DALLAS, TX 75204 | 214-665-0100 |
| 5/28/2020 | 5/22/2020 | 0 | ZOPOLSKY, JOSEPH DAVID | 14801 QUORUM DRI, DALLAS, TX 75254 | 972-419-8300 |
| 5/28/2020 | 5/22/2020 | 0 | CUMMINGS, KRISTIN LEIGH CHAPPELL | | |
| 5/28/2020 | 5/22/2020 | 0 | BARTON, DANIEL PATRICK | 1201 SHEPHERD D, HOUSTON, TX 77007 | 713-227-4747 |

**HCDistrictclerk.com**    GUARDIAN EQUITY MANAGEMENT LLC vs. UNDERWRITERS AT    6/5/2020
LLOYDS LONDON (SUBSCRIBING TO POLICY NUMBER
Cause: 201904625     CDI: 7    Court: 011

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 90705143 | Pltfs' Designation of Expert Witnesses | | 05/26/2020 | 7 |
| -> 90705145 | Exhibit A | | 05/26/2020 | 6 |
| -> 90705146 | Exhibit B | | 05/26/2020 | 31 |
| -> 90705147 | Exhibit C | | 05/26/2020 | 19 |
| -> 90705148 | Exhibit D | | 05/26/2020 | 23 |
| -> 90705149 | Exhibit E | | 05/26/2020 | 16 |
| -> 90705150 | Exhibit F | | 05/26/2020 | 7 |
| -> 90705151 | Exhibit G | | 05/26/2020 | 17 |
| -> 90705152 | Exhibit H | | 05/26/2020 | 1 |
| 90698426 | PARTIAL DISMISSAL ON AGREEMENT OF PARTIES | | 05/22/2020 | 2 |
| 90625857 | Joint Motion to Dismiss with Prejudice. | | 05/19/2020 | 3 |
| -> 90625858 | Proposed Order Granting Agreed Motion to Dismiss with Prejudice. | | 05/19/2020 | 2 |
| 90612480 | Defendant Endurance American Specialty Insurance Company's Traditional and No-Evidence Motions for Summary Judgment | | 05/18/2020 | 45 |
| 90259207 | Defendant Endurance American Specialty Company's Original Counter-Petition for Declaratory Judgment | | 04/16/2020 | 9 |
| 89615585 | Guardian Equity Management LLC and 2015 Shopping Mall Business LLC A/K/A Plaza Paseo's Motion to Withdraw Counsel | | 02/26/2020 | 3 |
| -> 89615590 | Proposed Order Granting Motion to Withdraw | | 02/26/2020 | 1 |
| 89416312 | Rule 11 Discovery Extenstion Agreement | | 02/13/2020 | 1 |
| 89286126 | Defendant Endurance American Specialty Company's Motion to Quash Depositions | | 02/05/2020 | 16 |
| -> 89286127 | Proposed Order | | 02/05/2020 | 1 |
| 87974878 | Notice of Activity | | 11/05/2019 | 1 |
| 87860626 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | | 10/29/2019 | 3 |
| 88652385 | Docket Control Order | | 10/24/2019 | 1 |
| 87543764 | efiled cert letter and certification | | 10/10/2019 | 2 |
| 87543811 | efiled cert letter and certification | | 10/10/2019 | 2 |
| 87458042 | Defendant Colony Insurance Company's answer to plaintiff's secon amended petition | | 10/04/2019 | 2 |
| 87334338 | Defendant Sirius International Insurance Company's Original Answer | | 09/27/2019 | 9 |
| 87113351 | Citation-ENDURANCE AMERICAN SPECIALTY INSURANCE | | 09/13/2019 | 2 |
| 87119239 | Citation - COLONY INSURANCE | | 09/13/2019 | 2 |
| 87119274 | Citation - SIRIUS INTERNATIONAL INSURANCE | | 09/13/2019 | 2 |
| 87072840 | Citation - Colony Insurance Company | | 09/11/2019 | 2 |
| 87072895 | Citation - Staruse International Corporation | | 09/11/2019 | 2 |
| 87016259 | Defendant Endurance American Specialty Company's Original Answer | | 09/06/2019 | 4 |
| 86849028 | Defendant's Waiver of Service | | 08/27/2019 | 1 |

| | | | |
|---|---|---|---|
| 86809399 | Civil Process Pick Up Form | 08/20/2019 | 1 |
| 86692157 | 2019.08.16 Second Amended Petition | 08/16/2019 | 18 |
| | 2019.08.16 Second Amended Petition | 08/16/2019 | |
| -> 86692158 | Civil Process Request Form | 08/16/2019 | 1 |
| | Civil Process Request Form | 08/16/2019 | |
| 86692157 | 2019.08.16 Second Amended Petition | 08/16/2019 | 18 |
| -> 86692158 | Civil Process Request Form | 08/16/2019 | 1 |
| 86618776 | Amended Notice of Hearing | 08/13/2019 | 2 |
| 86610029 | Plaintiffs Response to Motion to Dismiss | 08/12/2019 | 8 |
| -> 86610031 | Exhibit A | 08/12/2019 | 4 |
| -> 86610033 | Exhibit B | 08/12/2019 | 2 |
| -> 86610035 | Exhibit C | 08/12/2019 | 1 |
| -> 86610037 | Proposed Order Denying Defendants' Motion to Dismiss | 08/12/2019 | 1 |
| 86365404 | Plaintiff's First Amended Petition | 07/26/2019 | 18 |
| -> 86365405 | Civil Process Request | 07/26/2019 | 2 |
| 86365404 | Plaintiff's First Amended Petition | 07/26/2019 | 18 |
| -> 86365405 | Civil Process Request | 07/26/2019 | 2 |
| 86019257 | Notice of Hearing | 07/03/2019 | 2 |
| 85764806 | Defendants Motion to Dismiss | 06/17/2019 | 4 |
| -> 85764807 | Exhbit A | 06/17/2019 | 8 |
| -> 85764808 | Exhbit B | 06/17/2019 | 5 |
| -> 85764809 | Exhbit C | 06/17/2019 | 3 |
| -> 85764810 | Exhbit D | 06/17/2019 | 16 |
| 86440177 | Civil Process Pick-Up Form | 06/04/2019 | 1 |
| 85198679 | Defendants'Original Answer | 05/10/2019 | 7 |
| 84910847 | Return of Citation Service | 04/23/2019 | 2 |
| 84903532 | Citation | 04/22/2019 | 2 |
| 83528963 | Civil Process Pick-Up Form | 01/22/2019 | 1 |
| 83494918 | Plaintiffs' Original Petition | 01/18/2019 | 16 |
| -> 83528932 | Civil Process Request | 01/18/2019 | 1 |
| -> 83528933 | Civil Process Request | 01/18/2019 | 1 |
| 83494918 | Plaintiffs' Original Petition | 01/18/2019 | 16 |
| -> 83528933 | Civil Process Request | 01/18/2019 | 1 |
| -> 83528932 | Civil Process Request | 01/18/2019 | 1 |

# EXHIBIT E

**INDEX OF CASES BEING FILED**

## EXHIBIT E – INDEX OF CASES BEING FILED

1.  The instant case, captioned *Guardian Equity Management, LLC and 2015 Shopping Mall Business, LLC a/k/a Plaza Paseo v. Underwriters at Lloyd's London, Subscribing to Policy Number B1263EW0000217, Engle Martin & Associates, LLC, and John Miller*, Case No. 2019-04625, in the 11th Judicial District Court for Harris, County, Texas.

# EXHIBIT F

**LIST OF COUNSEL**

## EXHIBIT F – LIST OF COUNSEL

*Guardian Equity Management LLC and 2015 Shopping Mall Business, LLC a/k/a Plaza Paseo v. Underwriters at Lloyd's London, Subscribing to Policy Number B1263EW0000217, Engle Martin & Associates, LLC, and John Miller*, Case No. 2019-04625, in the 11th Judicial District Court, Harris County, Texas

**PLAINTIFFS GUARDIAN EQUITY MANAGEMENT, LLC, 2015 SHOPPING MALL BUSINESS, LLC A/K/A PLAZA PASEO, AND STONE LEGACY GROUP, LLC**

Daniel Barton
Texas Bar No. 00789774
dbarton@bartonlawgroup.com
Barton Law Group
1201 Shepherd Drive
Houston, Texas 77007
Phone: 713-227-4747
Fax: 713-621-5900

**DEFENDANT AND MOVANT, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY**

Joseph D. Zopolsky
jzopolsky@gpm-law.com
Texas Bar No. 24033500
James C. Erdle, Jr.
Texas Bar No. 24069680
jerdle@gpm-law.com
Anthony P. Miller
Texas Bar No. 24041484
amiller@gpm-law.com
Glast Phillips & Murray, PC
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Phone: 972-419-8300
Fax: 972-419-8329

**DEFENDANT AND CO-MOVANT, COLONY INSURANCE COMPANY**

Stephen A. Melendi
stephenm@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Phone: 214-665-0103
Fax: None
**SETTLED DEFENDANTS, UNDERWRITERS AT LLOYDS LONDON, SUBSCRIBING**

**TO POLICY NUMBER B1263EW0000217, ENGLE MARTIN & ASSOCIATES, LLC, AND JOHN MILLER**

Kristin C. Cummings Texas
Bar No. 24049828
kcummings@zelle.com
Lindsey P. Bruning
Texas Bar No. 24064967
lbruning@zelle.com
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

# EXHIBIT G

**DEFENDANT ENDURANCE INCORPORATION INFORMATION**

Delaware.gov                                                                    Governor | General Assembly | Courts | Elected Officials | State Agencies

---

**Department of State: Division of Corporations**

Allowable Characters

| | |
|---|---|
| HOME | |
| About Agency | |
| Secretary's Letter | |
| Newsroom | |
| Frequent Questions | |
| Related Links | |
| Contact Us | |
| Office Location | |
| **SERVICES** | |
| Pay Taxes | |
| File UCC's | |
| Delaware Laws Online | |
| Name Reservation | |
| Entity Search | |
| Status | |
| Validate Certificate | |
| Customer Service Survey | |
| Loading... | |

### Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | **944056** | Incorporation Date / Formation Date: | **9/9/1982** (mm/dd/yyyy) |
| Entity Name: | **ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY** | | |
| Entity Kind: | **Corporation** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **THE CORPORATION TRUST COMPANY** | | |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE ST** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19801** |
| Phone: | **302-658-7581** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]              [ New Entity Search ]

---

For help on a particular field click on the Field Tag to take you to the help area.

# EXHIBIT H

**DEFENDANT COLONY INCORPORATION INFORMATION**

# Entity Information

## Entity Information

| | |
|---|---|
| Entity Name: | Colony Insurance Company |
| Entity ID: | 03063997 |
| Entity Type: | Stock Corporation |
| Entity Status: | **Active** |
| Formation Date: | 07/10/1987 |
| Reason for Status: | Active and In Good Standing |
| VA Qualification Date: | 07/10/1987 |
| Status Date: | 05/22/1995 |
| Industry Code: | 30 - Insurance Companies |
| Period of Duration: | Perpetual |
| Jurisdiction: | VA |
| Annual Report Due Date: | 07/31/2020 |
| Registration Fee Due Date: | 07/31/2020 |
| Charter Fee: | $350.00 |

## Registered Agent Information

| | |
|---|---|
| RA Type: | Entity |
| Locality: | RICHMOND CITY |
| RA Qualification: | BUSINESS ENTITY THAT IS AUTHORIZED TO TRANSACT BUSINESS IN VIRGINIA |
| Name: | CORPORATION SERVICE COMPANY |
| Registered Office Address: | 100 Shockoe Slip Fl 2, Richmond, VA, 23219 - 4100, USA |

## Principal Office Address

| | |
|---|---|
| Address: | 8720 STONY POINT PKWY, STE 400, RICHMOND, VA 23235 - 0000, USA |

Privacy Policy (https://www.scc.virginia.gov/privacy.aspx) ↑ Contact Us (https://www.scc.virginia.gov/clk/clk_contact.aspx)

(https://www.scc.virginia.gov/clk/clk_contact.aspx)

Principal Information     (https://www.facebook.com/VirginiaStateCorporationCommission)

(https://twitter.com/VAStateCorpComm)

| Title | Director | Name | Address | Last Updated |
|-------|----------|------|---------|--------------|
| SVP/CFO | No | OSCAR GUERRERO | 2000 WATER VIEW DRIVE, STE 102, HAMILTON TOWNSHIP, NJ, 08691 - 0000, USA | 06/17/2019 |
| President | Yes | GARY E GROSE | 225 W WASHINGTON ST, 24TH FL, CHICAGO, IL, 60606 - 0000, USA | 06/17/2019 |
| VP & SECRETARY | Yes | CRAIG S COMEAUX | 175 E HOUSTON ST, STE 1300, SAN ANTONIO, TX, 78205 - 0000, USA | 06/17/2019 |
| SVP, GEN COUNSE | Yes | SUSAN B COMPARATO | 413 W 4TH ST., 3RD FL, NEW YORK, NY, 10014 - 0000, USA | 06/17/2019 |

Current Shares

Total Shares: 350000

Filing History     RA History     Name History     Previous Registrations

Garnishment Designees

( Back )   ( Return to Search )   ( Return to Results )

Back to Login

Privacy Policy (https://www.scc.virginia.gov/privacy.aspx)  |  Contact Us

# EXHIBIT I

**ATTORNEY KRISTIN CUMMINGS EMAIL CONFIRMING PLAINTIFFS'
SETTLEMENT AS OF OCTOBER 30, 2019**

**Anthony Miller**

| | |
|---|---|
| **From:** | Kristin Cummings <KCummings@zelle.com> |
| **Sent:** | Friday, May 29, 2020 6:11 AM |
| **To:** | Anthony Miller |
| **Cc:** | James Erdle; Joe Zopolsky |
| **Subject:** | Guardian Discovery |
| **Attachments:** | 2019.06.12 Plaza Paseo - Ds Rsp. to Ps' RFD.pdf; 2020-05-26 Def Endurance's 1st Disc Req to Pltfs.pdf; 2019.06.17 Pltf's Discovery Requests to Underwriters.pdf; 2019.07.24 Guardian Plaza Paseo - UWs Ans  Rsp. to Ps' Discovery Requests.pdf; 2019.09.27 D.Endurance.Responses.P.RFP.pdf; 2019.09.27 D.Endurance.Responses.P.ROG.pdf; 2020.02.12 Colony Rule 11 Discovery Extenstion - Guardian executed.pdf; 2020.02.28 Colony's Ans to Plf's Rogs.pdf; 2020.02.28 Colony's Resp to Plf's RFP.pdf; 2020.03.24 Colony's 1RFP to Ps.pdf; 2020.03.24 Colony's 1Rogs to Ps.pdf; 2020.03.24 Colony's RFD to Ps.pdf; 2020-02-04 - Colony's RRFD to P.pdf |

Anthony,

Please find attached all the discovery requests and responses/objections in our file on this case. Note that we did not respond to discovery on behalf of Engle Martin & Associates due to a pending Motion to Dismiss. We settled at mediation before the Motion to Dismiss was heard and the responses were due.

Regards,
Kristin


**Kristin C. Cummings**
Attorney at Law
kcummings@zelle.com

**ZELLE** LLP

901 Main Street, Suite 4000
Dallas, TX 75202
D (214) 749-4218
F  (214) 760-8994
vCard | Bio | Website

Atlanta | Boston | Dallas | London | Miami | Minneapolis
New York | Philadelphia | San Francisco | Washington, DC

The information herein is confidential and may be attorney-client privileged and/or contain attorney work product.  If you are not an intended recipient, any disclosure, copying, retention or use of any information contained herein is prohibited.  If you have received this message in error, please delete it and notify the sender immediately.

**From:** Anthony Miller <AMiller@gpm-law.com>
**Sent:** Wednesday, May 20, 2020 10:38 AM
**To:** Kristin Cummings <KCummings@zelle.com>

**Cc:** James Erdle <JErdle@gpm-law.com>; Joe Zopolsky <JZopolsky@gpm-law.com>
**Subject:** Guardian Discovery

**-=EXTERNAL EMAIL=-**

Kristin, would you mind sending over copies of all discovery requests and responses in the case, please?

Anthony P. Miller
Attorney at Law

Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972-419-7134 (direct)
972.419.8329 (facsimile)
amiller@gpm-law.com
www.gpm-law.com

CONFIDENTIALITY NOTICE:  This e-mail and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message.  If you have received this in error, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system.  We do not waive client attorney or work product privilege by the transmission of this message.

# EXHIBIT J

**RESULTS OF GUARDIAN CITIZENSHIP RESEARCH**

# TEXAS SECRETARY of STATE
## RUTH R. HUGHS

| BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY |
|---|

| | | | |
|---|---|---|---|
| **Filing Number:** | 802163006 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | February 25, 2015 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32056508826 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| | | | |
| **Name:** | 2015 Shopping Mall Business, LLC | | |
| **Address:** | 22310 GRAND CORNER DR STE 140 | | |
| | KATY, TX 77494 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Last Update | Name | Title | Address |
|---|---|---|---|
| October 3, 2019 | THE IRELAND FAMILY LIMITED PARTNERS | MEMBER | 22310 GRAND CORNER DRIVE SUITE 140 KATY, TX 77494 USA |

[ Order ]    [ Return to Search ]

---

Instructions:
🔴 To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
## RUTH R. HUGHS

| BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY |
|---|

| | | | |
|---|---|---|---|
| **Filing Number:** | 800676239 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | July 3, 2006 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32020127455 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | Stone Legacy Group, LLC |
| **Address:** | 19901 SOUTHWEST FREEWAY SUITE 105<br>SUGAR LAND, TX 77479 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSOCIATED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Name Status | Name Type | Name Inactive Date | Consent Filing # |
|---|---|---|---|---|
| Guardian Equity Management, LLC | Prior | Legal | April 18, 2017 | 0 |
| Stone Legacy Group, LLC | In use | Legal | | |

[Order] [Return to Search]

Instructions:
🔴 To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
## RUTH R. HUGHS

| BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY |
|---|

| | | | |
|---|---|---|---|
| **Filing Number:** | 800676239 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | July 3, 2006 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32020127455 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | Stone Legacy Group, LLC |
| **Address:** | 19901 SOUTHWEST FREEWAY SUITE 105 |
| | SUGAR LAND, TX 77479 USA |

REGISTERED AGENT    FILING HISTORY    NAMES    MANAGEMENT    ASSOCIATED NAMES    ASSOCIATED ENTITIES

| Last Update | Name | Title | Address |
|---|---|---|---|
| March 24, 2019 | TREY STONE | MEMBER | 19901 SOUTHWEST FREEWAY 105 SUGAR LAND, TX 77479 USA |

[ Order ]  [ Return to Search ]

Instructions:
🔴 To place an order for additional information about a filing press the 'Order' button.

The Securities and Exchange Commission has not necessarily reviewed the information in this filing and has not determined if it is accurate and complete.
The reader should not assume that the information is accurate and complete.

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549
**FORM D**

**Notice of Exempt Offering of Securities**

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0076 |
| Estimated average burden hours per response: | 4.00 |

---

### 1. Issuer's Identity

| | | |
|---|---|---|
| CIK (Filer ID Number) | Previous Names [X] None | Entity Type |
| 0001524545 | | [ ] Corporation |
| Name of Issuer | | [ ] Limited Partnership |
| 2011 GUARDIAN EQUITY FUND, L.L.C. | | [X] Limited Liability Company |
| Jurisdiction of Incorporation/Organization | | [ ] General Partnership |
| TEXAS | | [ ] Business Trust |
| Year of Incorporation/Organization | | [ ] Other (Specify) |

[ ] Over Five Years Ago
[X] Within Last Five Years (Specify Year) 2011
[ ] Yet to Be Formed

### 2. Principal Place of Business and Contact Information

| | |
|---|---|
| Name of Issuer | |
| 2011 GUARDIAN EQUITY FUND, L.L.C. | |
| Street Address 1 | Street Address 2 |
| 3000 WILCREST DRIVE, STE 220 | |
| City | State/Province/Country | ZIP/PostalCode | Phone Number of Issuer |
| HOUSTON | TEXAS | 77042 | 713-783-7487 |

---

### 1. Issuer's Identity

| | | |
|---|---|---|
| CIK (Filer ID Number) | Previous Names [X] None | Entity Type |
| 0001524642 | | [ ] Corporation |
| Name of Issuer | | [ ] Limited Partnership |
| 2011 GUARDIAN EQUITY FUND ASSOCIATES, L.L.C. | | [X] Limited Liability Company |
| Jurisdiction of Incorporation/Organization | | [ ] General Partnership |
| TEXAS | | [ ] Business Trust |
| Year of Incorporation/Organization | | [ ] Other (Specify) |

[ ] Over Five Years Ago
[X] Within Last Five Years (Specify Year) 2011
[ ] Yet to Be Formed

### 2. Principal Place of Business and Contact Information

| | |
|---|---|
| Name of Issuer | |
| 2011 GUARDIAN EQUITY FUND ASSOCIATES, L.L.C. | |
| Street Address 1 | Street Address 2 |
| 3000 WILCREST DRIVE, STE 220 | |
| City | State/Province/Country | ZIP/PostalCode | Phone Number of Issuer |
| HOUSTON | TEXAS | 77042 | 713-783-7487 |

---

### 3. Related Persons

| Last Name | First Name | Middle Name |
|---|---|---|
| STONE | TREY | C |
| Street Address 1 | Street Address 2 | |

3000 WILCREST DRIVE, STE 220

| City | State/Province/Country | ZIP/PostalCode |
|---|---|---|
| HOUSTON | TEXAS | 77042 |

Relationship: [X] Executive Officer [X] Director [X] Promoter

Clarification of Response (if Necessary):

Trey Stone is the manager of the Issuers.

| Last Name | First Name | Middle Name |
|---|---|---|
| UPTON | BRYAN | |
| Street Address 1 | Street Address 2 | |
| 3000 WILCREST STE 220 | | |
| City | State/Province/Country | ZIP/PostalCode |
| HOUSTON | TEXAS | 77042 |

Relationship: [ ] Executive Officer [ ] Director [X] Promoter

Clarification of Response (if Necessary):

Bryan Upton works for Guardian Equity Management, LLC, which is the promoter for this offering.

---

**4. Industry Group**

Agriculture

Banking & Financial Services
- Commercial Banking
- Insurance
- Investing
- Investment Banking
- Pooled Investment Fund

Is the issuer registered as an investment company under the Investment Company Act of 1940?
[ ] Yes     [ ] No

- Other Banking & Financial Services

Business Services

Energy
- Coal Mining
- Electric Utilities
- Energy Conservation
- Environmental Services
- Oil & Gas
- Other Energy

Health Care
- Biotechnology
- Health Insurance
- Hospitals & Physicians
- Pharmaceuticals
- Other Health Care

Manufacturing

Real Estate
- [X] Commercial
- Construction
- REITS & Finance
- Residential
- Other Real Estate

Retailing

Restaurants

Technology
- Computers
- Telecommunications
- Other Technology

Travel
- Airlines & Airports
- Lodging & Conventions
- Tourism & Travel Services
- Other Travel

Other

---

**5. Issuer Size**

| Revenue Range | OR | Aggregate Net Asset Value Range |
|---|---|---|
| [X] No Revenues | | [ ] No Aggregate Net Asset Value |
| [ ] $1 - $1,000,000 | | [ ] $1 - $5,000,000 |
| [ ] $1,000,001 - $5,000,000 | | [ ] $5,000,001 - $25,000,000 |
| [ ] $5,000,001 - $25,000,000 | | [ ] $25,000,001 - $50,000,000 |
| [ ] $25,000,001 - $100,000,000 | | [ ] $50,000,001 - $100,000,000 |
| [ ] Over $100,000,000 | | [ ] Over $100,000,000 |
| [ ] Decline to Disclose | | [ ] Decline to Disclose |
| [ ] Not Applicable | | [ ] Not Applicable |

---

**6. Federal Exemption(s) and Exclusion(s) Claimed (select all that apply)**

☐ Rule 504(b)(1) (not i, (ii) or (iii))　　☐ Rule 505

☐ Rule 504 (b)(1)(i)　　☒ Rule 506

☐ Rule 504 (b)(1)(ii)　　☐ Securities Act Section 4(5)

☐ Rule 504 (b)(1)(iii)　　☐ Investment Company Act Section 3(c)

☐ Section 3(c)(1)　　☐ Section 3(c)(9)

☐ Section 3(c)(2)　　☐ Section 3(c)(10)

☐ Section 3(c)(3)　　☐ Section 3(c)(11)

☐ Section 3(c)(4)　　☐ Section 3(c)(12)

☐ Section 3(c)(5)　　☐ Section 3(c)(13)

☐ Section 3(c)(6)　　☐ Section 3(c)(14)

☐ Section 3(c)(7)

---

**7. Type of Filing**

☒ New Notice　Date of First Sale　☒ First Sale Yet to Occur

☐ Amendment

---

**8. Duration of Offering**

Does the Issuer intend this offering to last more than one year?　☒ Yes　☐ No

---

**9. Type(s) of Securities Offered (select all that apply)**

☐ Equity　　☐ Pooled Investment Fund Interests

☐ Debt　　☐ Tenant-in-Common Securities

☐ Option, Warrant or Other Right to Acquire Another Security　　☐ Mineral Property Securities

☐ Security to be Acquired Upon Exercise of Option, Warrant or Other Right to Acquire Security　　☒ Other (describe)

MEMBERSHIP INTERESTS

---

**10. Business Combination Transaction**

Is this offering being made in connection with a business combination transaction, such as a merger, acquisition or exchange offer?　☐ Yes　☒ No

Clarification of Response (if Necessary):

---

**11. Minimum Investment**

Minimum investment accepted from any outside investor　$20,000　USD

---

**12. Sales Compensation**

Recipient　　　　　　　　　　　　　　　Recipient CRD Number　☐ None

MINDY M. PRICE　　　　　　　　　　　5798964

(Associated) Broker or Dealer　☐ None　　(Associated) Broker or Dealer CRD Number　☐ None

WM. H. MURPHY & CO., INC.　　　　　　27274

Street Address 1　　　　　　　　　　　Street Address 2

770 SOUTH POST OAK LANE, STE 690

City　　　　　　　　　　　State/Province/Country　　　　　ZIP/Postal Code

HOUSTON　　　　　　　　　TEXAS　　　　　　　　　　　　77056

State(s) of Solicitation (select all that apply) Check "All States" or check individual States　☐ All States　　☐ Foreign/non-US

| TEXAS |

---

## 13. Offering and Sales Amounts

Total Offering Amount　　$10,000,000 USD　or ☐ Indefinite

Total Amount Sold　　　　$0 USD

Total Remaining to be Sold　$10,000,000 USD　or ☐ Indefinite

Clarification of Response (if Necessary):

Minimum Offering is $1,000,000; Maximum Offering is $10,000,000. For the minimum amount accepted from an outside investor, Manager has discretion to permit lower investment amount on case-by-case basis.

## 14. Investors

☒　Select if securities in the offering have been or may be sold to persons who do not qualify as accredited investors, and enter the number of such non-accredited investors who already have invested in the offering.

| 0 |

Regardless of whether securities in the offering have been or may be sold to persons who do not qualify as accredited investors, enter the total number of investors who already have invested in the offering:

| 0 |

## 15. Sales Commissions & Finder's Fees Expenses

Provide separately the amounts of sales commissions and finders fees expenses, if any. If the amount of an expenditure is not known, provide an estimate and check the box next to the amount.

Sales Commissions　$100,000 USD　☒ Estimate

Finders' Fees　　$0 USD　☐ Estimate

Clarification of Response (if Necessary):

If minimum amount raised, the sales commissions paid will be $10,000, but, if the maximum amount is raised, the sales commissions paid will be $100,000.00.

## 16. Use of Proceeds

Provide the amount of the gross proceeds of the offering that has been or is proposed to be used for payments to any of the persons required to be named as executive officers, directors or promoters in response to Item 3 above. If the amount is unknown, provide an estimate and check the box next to the amount.

$1,400,000 USD　☒ Estimate

Clarification of Response (if Necessary):

If the minimum amount is raised these persons or their affiliates will receive $140,000. If the maximum is raised these persons or their affiliates will receive $1,400,000 plus other compensation per the Private Placement Memorandum.

## Signature and Submission

**Please verify the information you have entered and review the Terms of Submission below before signing and clicking SUBMIT below to file this notice.**

**Terms of Submission**

In submitting this notice, each issuer named above is:

- Notifying the SEC and/or each State in which this notice is filed of the offering of securities described and undertaking to furnish them, upon written request, in the accordance with applicable law, the information furnished to offerees.*

- Irrevocably appointing each of the Secretary of the SEC and, the Securities Administrator or other legally designated officer of the State in which the issuer maintains its principal place of business and any State in which this notice is filed, as its agents for service of process, and agreeing that these persons may accept service on its behalf, of any notice, process or pleading, and further agreeing that such service may be made by registered or certified mail, in any Federal or state action, administrative proceeding, or arbitration brought against the issuer in any place subject to the jurisdiction of the United States, if the action, proceeding or arbitration (a) arises out of any activity in connection with the offering of securities that is the subject of this notice, and (b) is founded, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these statutes, or (ii) the laws of the State in which the issuer maintains its principal place of business or any State in which this notice is filed.

- Certifying that, if the issuer is claiming a Rule 505 exemption, the issuer is not disqualified from relying on Rule 505 for one of the reasons stated in Rule 505(b)(2)(iii).

Each Issuer identified above has read this notice, knows the contents to be true, and has duly caused this notice to be signed on its behalf by the undersigned duly authorized person.

For signature, type in the signer's name or other letters or characters adopted or authorized as the signer's signature.

☒　I also am a duly authorized representative of the other issuer(s) identified in Item 1 above and authorized to sign on their behalf.

| Issuer | Signature | Name of Signer | Title | Date |
|---|---|---|---|---|
| 2011 GUARDIAN EQUITY FUND, L.L.C. | TREY C. STONE | TREY C. STONE | MANAGER | 2011-07-01 |

*Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB number.*

* This undertaking does not affect any limits Section 102(a) of the National Securities Markets Improvement Act of 1996 ("NSMIA") [Pub. L. No. 104-290, 110 Stat. 3416 (Oct. 11, 1996)] imposes on the ability of States to require information. As a result, if the securities that are the subject of this Form D are "covered securities" for purposes of NSMIA, whether in all instances or due to the nature of the offering that is the subject of this Form D, States cannot routinely require offering materials under this undertaking or otherwise and can require offering materials only to the extent NSMIA permits them to do so under NSMIA's preservation of their anti-fraud authority.





Home / Texas Real Estate / Sugar Land / Real Estate Agent / Trey Christopher Stone

# Trey Christopher Stone
## Real Estate Agent

📍 19901 Sw Frwy Ste 105, Sugar Land, Texas,
📞 832-230-6053

**Trey Christopher Stone** is a licensed **real estate sales agent** in Sugar Land, Texas and has a total experience of 7 years in real estate business. The real estate **license number 625811** was issued by TREC to Trey Christopher Stone on 23 January, 2013. The current status of license is **Expired** and address listed on Trey Christopher Stone's license document is **19901 Sw Frwy Ste 105, Sugar Land, Texas,** . The license already expired on 31 August, 2019. You can reach out to Trey Christopher Stone via phone number **832-230-6053**.

Trey Christopher Stone has a license type of **Real Estate Sales Agent** which allows a real estate professional to perform services such as selling, buying, renting, auctioning, advertising of real estate properties, but only on behalf of a real estate broker (licensed broker who sponsers the sales agent). Licensed real estate professionals / entities are also commonly referred to as real estate agents or Realtors.

**$3800 Flat Fee - 380Realty.com**   ✕
▷
Justin Henry Real Estate Adviso

Want to Sell your Home? Use Th
Local and Experienced Team or

🌐 WEBSITE                    📞

## 👤 Realtor's Profile

| Name | Trey Christopher Stone |
|---|---|
| Credentials | Real Estate Sales Agent |
| Experience | 7 yrs |
| Complete Address | **19901 Sw Frwy Ste 105, Sugar Land, Texas,** |
| Mailing Address | 19901 Sw Frwy Ste 105, Sugar Land, Texas, 77479 |
| Phone Number | **832-230-6053** |
| Email Address | **trey @ guardian-equity . com** |

**Allen Luxury Apartment P**

Choose a better life at Twin Creeks Crossing. Apply now!

Twin Creeks Crossing

## 📖 Texas Real Estate License

| License Number | 625811 |
|---|---|
| License Type | Real Estate Sales Agent |
| License Status | **Expired** |
| License Issue Date | 23 January, 2013 |
| License Expiry Date | 31 August, 2019 |
| Continuing Education (MCE) Status | Non-elective CE Requirements Outstanding |

## 🎓 Continuing Education

Real estate license needs to be renewed every 2 years. Sales Agents and Brokers need to complete atleast 18 hours of Continuing Education to become eligible for renewal. Trey Christopher Stone has successfully completed following courses as part of qualifying and continuing education.

| Course Name (course number) | Course Provider | Course End Date | Hours |
|---|---|---|---|
| Legal Update Ii (29623) | Lone Star College Tomball | 2017-07-31 | 4 |
| Legal Update I (29622) | Lone Star College Tomball | 2017-07-31 | 4 |
| Promulgated Contract Forms (351) | Lone Star College Tomball | 2016-03-01 | 30 |
| Real Estate Marketing: Power House Training (527) | Lone Star College Tomball | 2016-02-18 | 30 |
| Real Estate Investments I (911) | Lone Star College Tomball | 2013-06-18 | 30 |
| Real Estate Finance I (411) | Lone Star College Tomball | 2013-04-30 | 30 |

**Address Location for Trey Christopher Stone**

📍 19901 Southwest Freeway #105

**Real Estate Sales Agents in Sugar Land, TX**

Victor F Butschek
*Real Estate Agent*
11535 Oak Lake Park Dr, Sugar Land, TX

Brenda Elrod Pullen
*Real Estate Agent*
Re/max Southwest, 14905 Southwest Freeway, Ste 100, Sugar Land, TX

Billy Wayne Sheppard
*Real Estate Agent*
2322 Country Club Blvd, Sugar Land, TX

Glenn Edward Galloway
*Real Estate Agent*
5934 Union Springs, Sugar Land, TX

Joseph Edward Fama
*Real Estate Agent*
14831 Walbrook Dr, Sugar Land, TX 77498

Theresa Ann Christian
*Real Estate Agent*
14090 Southwest Fwy #102, Sugar Land, TX 77478

Richard Bell Cushenberry
*Real Estate Agent*
4500 Hwy 6 South, Sugar Land, TX 77478

James Courtney Culpepper
*Real Estate Agent*
14905 Southwest Freeway, Sugar Land, TX 77478

**Foreclosures, Bank Owned Homes**

Find the Newest Foreclosed Home
Around You. Start your $1 Trial.

| | | | |
|---|---|---|---|
| All Related (except R.e.) (6100) | Schools From Which Related Credit Is Accepted | 2012-11-12 | 630 |
| Principles Of Real Estate Ii (112) | Lone Star College Tomball | 2012-10-30 | 30 |
| Principles Of Real Estate I (111) | Lone Star College Tomball | 2012-10-23 | 30 |
| Law Of Contracts (1200) | Lone Star College Tomball | 2012-10-11 | 30 |
| Re Mkt-business Brokerage (531) | Lone Star College Tomball | 2012-10-04 | 30 |
| Law Of Agency (1111) | Lone Star College Tomball | 2012-09-27 | 30 |

**ALSO ON LICENSEE**



**Carter Trisia in Bronx, New York**

7 months ago • 1 comment

Carter Trisia Real Estate Agent 926 Allerton Ave, Bronx, New York, 10469 …

**Adams Christopher R842276425 in …**

6 months ago • 1 comment

Adams Christopher R842276425 Real Estate Broker 518 Sterling Pl, …

**Faith Elizabeth Koby in Banning, California**

7 months ago • 1 comment

Faith Elizabeth Koby - Real Estate Broker 45885 Porter Street, Banning, …

---

0 Comments    **licensee**    🔒 Disqus' Privacy Policy      🔴 **Login**

♡ **Recommend**    🐦 **Tweet**    f **Share**      Sort by Best

Start the discussion

**What is a Real Estate License?**
Real estate licenses in US are issued by state government through agencies like real estate commission or board of professional licensing. These licenses provide agents and brokers the legal ability to represent a home seller or buyer in the process of buying or selling real estate. Real estate agents, real estate brokers and realty companies are required to be licensed for conducting real estate transactions in the United States.

**Who is a Real Estate Broker?**
A Real Estate Broker is an individual or entity that performs the services of real estate on behalf of another person, for compensation (usually in the form of commission or brokerage). Broker license is mandatory for law fully conducting real estate broking business as well.

**Who is a Real Estate Salesperson?**
Salesperson or Sales Associates are real estate professionals who are allowed to perform the real estate services on behalf of another person, for compensation (in the form of commission or brokerage), but only at the direction and control of a real estate broker.

# EXHIBIT K

**COLONY CONSENT TO REMOVAL**

**Anthony Miller**

| | |
|---|---|
| **From:** | Stephen Melendi <stephenm@tbmmlaw.com> |
| **Sent:** | Friday, May 29, 2020 8:20 AM |
| **To:** | Anthony Miller |
| **Cc:** | James Erdle |
| **Subject:** | RE: Guardian ███████████ |

███████ we consent to the removal

Stephen A. Melendi
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
**214-665-0103 - Direct Dial**
214-665-0100 - Main
214-616-8876 - Mobile

**From:** Anthony Miller <AMiller@gpm-law.com>
**Sent:** Friday, May 29, 2020 7:35 AM
**To:** Stephen Melendi <stephenm@tbmmlaw.com>
**Cc:** James Erdle <JErdle@gpm-law.com>
**Subject:** Guardian: ███████

███████████████████████████████

Anthony P. Miller
Attorney at Law

Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972-419-7134 (direct)
972.419.8329 (facsimile)
amiller@gpm-law.com
www.gpm-law.com

CONFIDENTIALITY NOTICE:  This e-mail and any attachments are for the exclusive and confidential use of
the intended recipient.  If you are not the intended recipient, please do not read, distribute, or take action in
reliance upon this message.  If you have received this in error, please notify us immediately by return e-mail

and promptly delete this message and its attachments from your computer system.  We do not waive client attorney or work product privilege by the transmission of this message.